175 So.2d 656 (1965)
Jacque PELLOAT, Jr., et al.
v.
The GREATER NEW ORLEANS EXPRESSWAY COMMISSION et al.
v.
PALMER & BAKER, INC., et al.
No. 6454.
Court of Appeal of Louisiana, First Circuit.
May 24, 1965.
Writ Refused July 2, 1965.
*657 William McM. King, New Orleans, Julian J. Rodrigue, Covington, Bruce D. Burglass, Beard, Blue, Schmitt & Treen, Curtis, Foster & Dillon, Stone Pigman & Benjamin, New Orleans, J. Elton Huckabay, Baton Rouge, for relators.
Barranger, Barranger & Jones, Covington, for respondent.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
ELLIS, Judge.
This case is before the court on a writ of certiorari directed to the Twenty-second Judicial District Court for the Parish of St. Tammany. The writ was sought by the defendants in several consolidated cases, all growing out of a single automobile accident which occurred at the intersection of Lake Pontchartrain Causeway and U. S. Highway 190 in St. Tammany Parish on September 1, 1956. At issue is the respondents' (plaintiffs') right vel non to a trial by jury in these civil cases as against The Greater New Orleans Expressway Commission, the Parish of St. Tammany, and the Parish of Jefferson.
In the original petitions filed in these consolidated cases on August 29, 1957, respondents prayed for and obtained an order for trial by jury. Thereafter Acts 162, 237 and 445 of 1958 authorized the filing of the suits and further provided that:
"* * * the procedure for said suit, or suits, shall be the same as between private litigants, and no different or greater claims are conferred than those held prior to the passage of this Act, the purpose of this Act being merely to waive the immunity of the State * * *."
Following these three legislative acts respondents, in March 1959, amended the original suits to mention the Acts. Again a jury trial was prayed for and an order for same obtained.
Duree v. Maryland Casualty Co., 238 La. 166, 114 So.2d 594, and Stephens v. Natchitoches Parish School Bd., 238 La. 388, 115 So.2d 793, followed, holding that legislative waiver of tort immunity of public bodies did not waive liability or create a cause of action.
A constitutional amendment thus became necessary to change the situation after the Duree and Stephens cases. This was accomplished by Act 621 of 1960 which amended Article III, Section 35, of the Louisiana Constitution. The amendment was adopted by popular vote in the November 1960 general election.
That constitutional amendment authorized the Legislature to waive both immunity from suit and liability and provided that all previous and future waivers of immunity:
"* * * shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability."
The amendment further authorized the Legislature to "prescribe the procedural rules" in such suits.
*658 Cognizant of that authority the Legislature adopted Act 27 of 1960, now R.S. 13:5101 et seq. which does in fact prescribe procedural rules for suits against the State or public bodies. Act 27 of 1960 provided that it would be effective from January 1, 1960, if the constitutional amendment (Act 621 of 1960) should be adopted.
A portion of Act 27 of 1960 (R.S. 13:5104) declares that "No suit against the state or other public body shall be tried by jury."
Relying on that statute the cases were assigned for trial on the merits several times during regular terms, but were not tried. In October 1964, respondents filed a motion for an order to draw a jury. Relators filed a rule to traverse which was overruled by the trial court on November 13, 1964. This application for writs followed.
In dismissing the rule to traverse and thus in effect granting trial by jury in a civil proceeding for damages against the public bodies the trial judge relied on the fact that Act 27 of 1960 contains no repealing clause, but rather validates all prior acts. In addition, the lower court pointed out that Article IV, Section 15, of the Louisiana Constitution and Article 8 of the Civil Code prohibit ex post facto laws. The judge was thus of the opinion that Acts 162, 237, and 445 of 1958 (those authorizing suit against the public bodies) still governed the procedure to be employed.
We cannot agree with the conclusion reached below. The matter to be determined here is whether or not public bodies of Louisiana can be subjected to trial by jury in tort suits authorized by the Legislature prior to the effective date of Act 27 of 1960. To resolve this problem and dispose of the contention that Act 27 of 1960 is an ex post facto law insofar as it denies respondents a trial by jury, it is necessary to determine whether the right to trial by jury in civil cases in Louisiana is procedural or substantive. If procedural, changes will apply to pending litigation as well as to suits filed thereafter. General Motors Acceptance Corporation vs. Anzelmo, 222 La. 1019, 64 So.2d 417. If substantive, it could not be altered by legislative act.
That a right to trial by jury is procedural in this instance cannot be seriously disputed. Tennessee Gas Transmission Co. v. Williams, La.App., 65 So.2d 414. The Legislature removed any doubt as to the status of the right when, in Act 27 of 1960, a purely procedural act, they abolished it insofar as actions against public bodies were concerned.
It follows that, being a procedural right only, the Legislature may change it at any time and that, in the absence of contrary language, the change would be equally applicable to pending and subsequent litigation. It is thus necessary to determine if the Legislature did in fact change the procedural law with reference to trial by jury of suits authorized prior to January 1, 1960.
As Act 27 of 1960 contains no repealing clause, we must look elsewhere for legislative intent.
Certainly prior to the effective date of R.S. 13:5104, civil actions against the State or its subdivisions authorized by acts of the Legislature could be tried before a jury as these acts permitted suits against the State to proceed as in suits against private litigants.
Though repeal by implication is not favored, it is well established in this State that where a subsequent act completely covers the subject matter of a previous special act and where the two cannot be reconciled, the general act will be considered to have, by implication, repealed the prior act. State ex rel. Broussard v. Henderson, 120 La. 535, 45 So. 430; Johnson v. Sewerage District #2, Caddo Parish, 239 La. 840, 120 So.2d 262; National Car Rental System v. City of New Orleans, La.App., 160 So.2d 601.
*659 We believe that a proper solution to the instant case requires the application of the doctrine of statutory repeal by implication. Act 27 of 1960 is comprehensive, providing in Section 13:5102 that:
"All procedural questions arising in suits on claims against the state or other public bodies, shall be determined, except as the contrary is specified in this Part, in accordance with the same rules of law as in suits between private parties."
It is obvious from that section that the Legislature intended to provide all of the necessary rules of procedure in suits against the State or public bodies, intended to cover the subject completely in this single act. In that act, in Section 13:5104, jury trials were prohibited.
Act 27 of 1960 can be considered in no other light than as a general act providing procedural rules for all suits against the State or other public bodies. Under the three cases above cited the act must be held to have repealed by implication those sections of all prior acts of the Legislature adopting rules of procedure between private litigants for use in cases against a public body.
Counsel for respondents call attention to that portion of Article III, Section 35, of the Louisiana Constitution as follows:
"* * * and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, * * * as a waiver of the defendant's immunity both from suit and from liability."
It is respondents' position that the phrase "valid for all purposes" refers to those portions of the Act relating to procedure and that, accordingly, a jury trial may still be had in suits authorized against the State or other public body prior to the effective date of the act. Relators contend, on the other hand, that that phrase is limited by the phrase appearing after it, namely, "as a waiver of the defendant's immunity both from suit and from liability." Unquestionably, relators' position is supported by the legislative history of the acts mentioned. In addition, assuming that the constitutional amendment did validate the prior authorizing acts insofar as they established a method of procedure, there would be no reason that the Legislature could not alter that procedure, as specifically authorized by that amendment. In Act 27 of 1960 the Legislature did so.
Reversed and remanded.