205 So.2d 461 (1967)
Dewey E. ABERCROMBIE et al.
v.
James H. GILFOIL, III, et al.
James H. GILFOIL, III, et al.
v.
The STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS.
No. 7254.
Court of Appeal of Louisiana, First Circuit.
October 12, 1967.
*463 Philip K. Jones, D. Ross Banister, Norman L. Sisson and Charles Wm. Roberts, of Burton, Roberts & Ward, Baton Rouge, for applicant-defendant State Through Department of Highways.
Gerald L. Walter, Jr., of Kantrow, Spaht, Weaver & Walter, Baton Rouge, McIntosh, Hester & Gilfoil, Lake Providence, and Kilbourne, Dart & Jackson, St. Francisville, for James H. Gilfoil, III, James H. Gilfoil, IV, and Hartford Acc. & Indem. Co., respondents.
Mason P. Gilfoil, Lake Providence, for James H. Gilfoil, III.
E. H. Lancaster, Jr., Tallulah, for Dewey E. Abercrombie and Mrs. Vivian Kay Abercrombie.
Robert A. Pritchard, Jackson, Miss., for Dewey E. Abercrombie and Mrs. Vivian Kay Abercrombie.
Before LANDRY, ELLIS and BAILES, JJ.
LANDRY, Judge.
The State of Louisiana Through the Department of Highways (Department), made defendant in both of these consolidated cases, has applied to this court for writs of certiorari, prohibition and mandamus to prevent trial by jury of certain issues involved in these actions which arise out of an automobile accident. The mishap in question occurred July 20, 1962, on Highway No. 19 near Norwood, East Feliciana Parish. A vehicle being driven southerly by plaintiff Dewey E. Abercrombie skidded from the paved portion of the two lane highway and came to rest in the ditch on the west side of the roadway. Shortly thereafter a vehicle being driven by James H. Gilfoil, IV, a minor, in a southerly direction along the aforementioned highway, also skidded from the highway and struck the Abercrombie car as it lay in the ditch.
Plaintiff Abercrombie sues young Gilfoil, his father, James H. Gilfoil, III, and Hartford Accident and Indemnity Company (Hartford), liability insurer of the Gilfoil vehicle, in solido, and, alternatively, said defendants and the Department, in solido, seeking damages individually and in a representative capacity for property loss, personal injuries and related medical expense allegedly sustained and incurred by Abercrombie, his wife and two minor children as a result of the accident. In this action a jury trial was timely requested by defendants Gilfoil and Hartford and ordered by the trial court.
In the other suit the senior Gilfoil prays for judgment against the Department on behalf of himself and his minor son in compensation for property damage and personal injuries reputed to have resulted from the accident. In this action a request for jury trial by plaintiff Gilfoil was granted.
Upon a rule by the Department to traverse the orders granting the jury trials requested, Gilfoil and Hartford (defendants in the Abercrombie suit) conceded the question of the Department's liability vel non was not subject to trial by jury. After hearing the rule, the trial court modified its decree to confine the jury trial to the single issue of the liability or non-liability of Gilfoil and Hartford and further ordering that the liability of the Department and also the question of quantum as regards all parties in both actions, be tried by the court.
In petitioning for writs, the Department maintains that inasmuch as these consolidated causes are suits against a public body, a jury trial is not available to determine any issue involved in either proceeding. Applicant's position is based on the provisions of LSA-C.C.P. Article 1733 and *464 LSA-R.S. 13:5104 (Act 27 of 1960, Paragraph 4). Upon considering LSA-C.C.P. Article 1733, we note that it specifically recites that jury trials in civil cases are not available in five enumerated classes of cases. Paragraphs (1) through (4) of the cited article list categories which have no application to the case at bar. Paragraph (5) then states in effect that jury trials are not available in all those instances wherein such trial is specifically denied by law. Instances wherein the unavailability of jury trials is expressly provided by law are to be found, inter alia, in LSA-R.S. 18:1302 (contests involving judicial office); LSA-R.S. 38:1617 (suits to contest legality of drainage districts); LSA-R.S. 19:4 (expropriation cases), and more particularly, LSA-R.S. 13:5104, suits against the state or other public bodies.
Respondents contend, however, that jury trials are favored in law. Further, respondents argue that the provisions of LSA-C.C.P. Articles 1731 through 1735, inclusive (which provide for the right of jury trial) are based on Rules of Federal Procedure, which rules and jurisprudence interpretative thereof permit the splitting or fragmentation of trials as to issues thus allowing some aspects of a suit or action to be tried before a jury and others to be decided by the court. In this regard respondents cite and rely upon the provisions of LSA-C.C.P. Article 1734 which authorizes a party demanding a jury trial to specify which issues shall be tried before the jury.
We believe the intent of LSA-C.C.P. Articles 1731-1735, inclusive, to be that where a jury trial is permitted thereunder all questions at issue may be tried before the jury if the party requesting a jury trial so desires. However, Articles 1732 and 1734, supra, authorize a party to specify which of the issues involved he desires to try before the jury and further provide that absent such specification all questions are resolved by the jury.
In denominating the five classes or categories of actions in which jury trial is not available, Article 1733, supra, uses in each instance either the generic term "suit", "proceeding", or "case". In using the all encompassing terms "suit", "proceeding" and "case" in describing the categories of actions in which a jury trial may not be had, it is clear we think that the legislature intended to disallow jury trial of any question or issue involved in any enumerated classification. It is equally clear that the word "suit" appearing in Sections (1) and (2) of Article 1733, supra, is synonymous with the term "proceeding" employed in Sections (3) and (4) and also with the word "case" appearing in Section (5). Moreover, we believe the words "suit", "proceeding" and "case" as used in the cited codal provision are intended by the legislature to be also synonymous with the terms action and cause of action insofar as the latter customarily imply and denote litigation or a lawsuit.
We are equally well convinced the prohibition of jury trial of a "suit" against the state or other public body, established by LSA-R.S. 13:5104, falls within the ambit of LSA-C.C.P. Article 1733, Paragraph (5), which bars jury trial in "[a]ll cases where a jury trial is specifically denied by law." That LSA-R.S. 13:5104 specifically prohibits jury trial of a suit against the state or other public body is patent upon the face of the statute. The terms "case" and "suit" as used in the related statutes, being synonymous, it follows that a suit against the state or other public body is not subject to trial by jury because of the prohibition contained in LSA-C.C.P. Article 1733, Par. (5).
Counsel for applicant correctly contends upon authority of Hicks v. Board of Supervisors of Louisiana State University, La.App., 166 So.2d 279, that jury trials are favored in law and courts will indulge every reasonable presumption against waiver, loss or forfeiture of such privilege.
*465 We note, however, certain other well established principles of law applicable in the present instance. It is well settled that there is no absolute, unconditional constitutional right to trial by jury in a civil case. Day v. Louisiana Central Lumber Co., 144 La. 820, 81 So. 328; Fontenot v. Marquette Casualty Company, La.App., 161 So.2d 467; Tennessee Gas Transmission Co. v. Williams, 65 So.2d 414.
Equally well established is the rule that in instances of this character the right of trial by jury is procedural in nature. Pelloat v. Greater New Orleans Expressway Commission, et al., La.App., 175 So.2d 656.
We do not share the view of counsel for applicant to the effect the instant matter is controlled expressly by the holding in Pelloat v. Greater New Orleans Expressway Commission, et al., supra. In the Pelloat case, supra, the sole issue was decided was whether jury trial was available as against a state agency (The Expressway Commission) and two state political subdivisions, namely, the Parishes of Jefferson and St. Tammany. In the present case there is no dispute or contention concerning the ruling of the trial court that as regards the Department, all issues must be tried by the Court. In the case at hand the Department contends that inasmuch as it has been made a party defendant in each suit, no issues involved are triable by jury, not even those relating to the alleged liability of Gilfoil and his insurer.
Counsel for respondents in writ cite and rely upon certain federal authorities which apparently support the view that in cases of this nature jury trial may be ordered for the disposition of certain issues with the remainder to be determined by the court. Counsel also contends that since the pertinent codal articles are patterned upon Federal Rules of Procedure, the Federal cases on the subject are controlling.
In the absence of any difference or distinction between our applicable statutes and the Federal Rules of Procedure upon which they are predicated, Federal interpretation of said rules would be most persuasive if not controlling upon the courts of this state. Such effect is obviously intended by the redactors of the Code of Civil Procedure as evidenced by the Official Revision Comments appended to LSA-C.C.P. Articles 1731-1735, inclusive.
We note, however, the stipulation in LSA-C.C.P. Article 1731, that the nature and amount of the principal demand determines whether any issue in the principal or incidental demand is triable by jury. The principal demand in each of these consolidated causes is for judgment against the Department, admittedly a public body.
Construing all the pertinent articles together as we must, considering they are laws in pari materia, we conclude the cumulative effect of the statutes is clear, distinct and unambiguous. We further conclude the statutes intend to restrict the right of jury trial by prohibiting such trial of any issue in a suit in which the state or other public body is a party.
Accordingly, the writs of certiorari, prohibition and mandamus herein sought by the Department are made peremptory and it is hereby ordered, adjudged and decreed that the Honorable William T. Bennett, Judge, Twentieth Judicial District Court, East Feliciana Parish, be and he is hereby enjoined, restrained and prohibited from proceeding with the trial by jury of any issue whatsoever involved in these consolidated causes.
It is further ordered, adjudged and decreed that said Honorable William T. Bennett, Judge, be and he is hereby ordered and directed in his aforesaid official capacity to hear and determine all issues incident to disposition of these consolidated cases and that these matters be and they are hereby remanded to the trial court *466 for further proceedings consistent with the views herein expressed. Costs of these applications allocable to the Abercrombie suit against Gilfoil et al., are assessed against respondents in writs, James H. Gilfoil, III, and Hartford Accident and Indemnity Company, jointly. Costs of these applications apportionable to the Gilfoil suit against the Department are assessed against respondent in writ, James H. Gilfoil, III.
Writs granted and issued.
ELLIS, Judge (dissenting):
I do not believe that the language of R.S. 13:5104 was intended by the legislature to deny the right of trial by jury to those involved in a suit in which the state is also a party, as to issues not involving the state directly. I am further of the opinion that the possibility of different decisions on the same point by judge and jury should not affect the decision in this case. The judge already has the power to set aside a jury decision with which he is not in accord, and appellate courts have the right to review findings of fact of both judge and jury. The Code of Civil Procedure, in Articles 1732 and 1734, contemplates the submission of some issues in a case to the judge and others to the jury, and this procedure is quite common in federal practice, from which source the articles are drawn.
Finally, I fear that the holding of the majority will tempt many a defendant in an automobile case faced with the prospect of trial by jury, to implead the Department of Highways on the basis of alleged highway defects or faulty design, thereby avoiding the jury, but putting the state to great expense to defend a frivolous claim.
The right to trial by jury in a civil case is a basic right and should be protected in the absence of specific authority for its denial.
I dissent.