GLADNEY, Judge.
These cases were consolidated for purposes of trial and involve tort actions for injuries allegedly received by plaintiffs by reason of battery and arrest at the hands of officers of the Police Department of the Village of Tallulah, Louisiana. Named as defendants were Donald Hodge, Carl Griffin, Audrey Steve (Harold) Ogden, the police officers, and W. P. Sevier, Jr., The Village of Tallulah, and Sam S. Scurria, Jr. Each of the petitioners prayed for trial by jury. After hearing on motions filed by all defendants to strike from the petitions of plaintiffs the demand for a trial by jury on the ground that a trial by jury against a municipality is prohibited by law, the court sustained the motions and rendered judgment accordingly. From each judgment an appeal has been lodged.
Appellants argue that, first, the motion to strike is an improper procedure; second, *914 that the defendants have waived their right to question the right of plaintiffs to a trial by jury against the Village of Tallulah as they failed to file their motion prior to filing the answer, and third, that the law does not prohibit the trial of a case involving a public body provided the jury issues are tried by the jury and the nonjury issues are tried by the court, and there should be but one trial.
Although the appeal is from an interlocutory decree we conclude that it is properly before us since the judgment refused a trial by jury. City of New Orleans v. Williams, La.App., 86 So.2d 410 (Orl.1956); Wilson Sporting Goods Company v. Alwes, La.App., 17 So.2d 382 (1st Cir. 1944); State v. Cook, 197 La. 1027, 3 So.2d 114 (1941) and Camus v. Camus, La.App., 89 So.2d 771 (Orl.Cir. 1956).
The Village of Tallulah, it is conceded, is a political subdivision of the State of Louisiana. As such it is immune from suit and from liability except with the consent of the Legislature. By Act No. 27 of 1960, now incorporated in LSA-R.S. 13:5101, 5110, inclusive, there were established procedural rules of law in certain actions against the state or other public bodies and a method for payment of judgments rendered in such actions. Inter alia, the statute provided special rules for venue, and further stipulated that no suit against the state or other public body shall be tried by jury. These statutory limitations clearly must be read into the consent to sue a public body that may be granted by the Legislature. Manifestly, the limitations may only be waived by the Legislature and therefore control the actions of private parties involved in litigation in which the State or a public body is named as a party defendant. In the instant case under the provisions of C.C.P. Art. 1732 the plaintiffs who are appellants herein are expressly granted the right to demand a trial by jury; and possessing this right except for their demands against the Village of Tallulah, which is a public body, their entitlement to proceed with a jury trial should be recognized by the court. Thus we are confronted with a case in which plaintiffs have a right to a trial by jury against all defendants except the Village of Tallulah.
Plaintiffs’ motion to strike was presented on behalf of all defendants and the judgment sustaining this motion affected all the defendants and not merely the Village of Tallulah. It is contended on behalf of appellants that the motion to strike is improper and appellees’ remedy was by other means. We disagree with the arguments so presented. The function of the motion to strike is provided for in C.C.P. Art. 964 and states:
“The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand * *
The demand for a jury trial is expressly prohibited with respect to the Village of Tallulah. It is therefore insufficient for the demand is not permissible in law. It was urged by appellants that defendants have waived the right to obj ect to a trial by jury as it was filed too late after answer was filed. The record does not support counsel in the contention that the motions were filed subsequent to the answer and, according to the provisions of C.C.P. Art. 964, the motion may be filed at any time.
Finally, it is urged that by reason of the provisions of C.C.P. Art. 1735 one trial can be had which will dispose of the entire case in which event the jury will be permitted to try only those issues which pertain to defendants other than the Village of Tallulah and the trial judge will exclusively try the demands made against the Village of Tallu-lah. The trial court upon sustaining the motion, reasoned that since the plaintiff had joined the defendant police officers with the Village of Tallulah and that since the latter’s liability and quantum would be contingent upon liability predicated on the actions of said officers, the plaintiffs should not be entitled to a jury trial in which the Village *915 is named as a respondent. Counsel for plaintiffs has pointed out that C.C.P. Art. 1735 is based on Federal Rule 39(a). Article 1735 reads:
“The trial of all issues for which jury trial has been requested shall be by jury unless the parties stipulate that the jury trial shall be as to certain issues only, or unless the right to trial by jury as to certain issues does not exist, hut in all cases there shall he but one trial.”
The codal article is of general application, whereas LSA-R.S. 13-5104 has specific application to the state or other public body. The laws are pari materia and present no area of conflict. The codal article is subject to the provisions of LSA-R.S. 13:5104.
Recently the case of Abercrombie v. Gil-foil, 205 So.2d 461, First Circuit Court of Appeal, gave consideration to the issue now presented to this court. Therein plaintiff brought suit against the State Department of Highways and against Gilfoil contending the concurrent negligence of the two defendants caused plaintiff’s injury. Gilfoil asked for and was granted an order for a jury trial, but upon motion by the Department and after hearing, the order was so modified as to confine the jury trial to the issue of liability, vel non, of Gilfoil and ordered that questions of liability of the Department of Highways and of quantum as regards all parties be tried by the court. The action by the trial court was reviewed by the First Circuit on writs. The appellate court ruled that where a public body is a party to a suit no part of the suit may be tried by a jury, declaring:
“* * * In the case at hand the Department contends that inasmuch as it has been made a party defendant in each suit, no issues involved are triable by jury, not even those relating to the alleged liability of Gilfoil and his insurer.
“Counsel for respondents in writ cite and rely upon certain federal authorities which apparently support the view that in cases of this nature jury trial may he ordered for the disposition of certain issues with the remainder to be determined by the court. Counsel also contends that since the pertinent codal articles are patterned upon Federal Rules of Procedure, the Federal cases on the subject are controlling.
“In the absence of any difference or distinction between our applicable statutes and the Federal Rules of Procedure upon which they are predicated, Federal interpretation of said rules would be most persuasive if not controlling upon the courts of this state. Such effect is obviously intended by the redactors of the Code of Civil Procedure as evidenced by the Official Revision Comments appended to LSA-C.C.P. Articles 1731-1735, inclusive.
“We note, however, the stipulation in LSA-C.C.P. Article 1731, that the nature and amount of the principal demand determines whether any issue in the principal or incidental demand is triable by jury. The principal demand in each of these consolidated causes is for judgment against the Department, admittedly a public body.
“Construing all the pertinent articles together as we must, considering they are laws in pari materia, we conclude the cumulative effect of the statutes is clear, distinct and unambiguous. We further conclude the statutes intend to restrict the right of jury trial by prohibiting such trial of any issue in a suit in which the state or other public body is a party.”
The prohibition of LSA-R.S. 13:5104 is exclusive and permits no exceptions. The judgment of the trial court therefore correctly refused to permit the trial of the demands against the Village of Tallulah by a jury. However, the judgment from which plaintiffs have appealed has the effect of foreclosing the right of plaintiffs to a trial by jury against parties defendant, other than the Village of Tallulah, and it is *916 our conviction that the rights of plaintiffs to a jury trial against such defendants is not prohibited by statute but is expressly permitted by C.C.P. Art. 1732.
Accordingly, the judgment appealed is therefore affirmed only insofar as it affects the Village of Tallulah; the motion to strike as to the defendants, other than the Village of Tallulah, is overruled.
Costs of this appeal are taxed to the defendants other than the Village of Tallulah.