218 So.2d 566

Robert S. JOBE, James H. Wilson, Junior G. Beard

v.

Donald HODGE et al.

No. 49158.

Jan. 20, 1969.

Rehearing Denied Feb. 24, 1969.

Hudson, Potts & Bernstein, Monroe, for relators.

Alwine L. Mulhearn, Tallulah, for plaintiffs-respondents.

SUMMERS, Justice.

We granted writs in these consolidated cases to resolve a conflict between decisions of the First and Second Circuits on the question of whether a jury trial may be had in a case in which a public body is a party to the principal demand. 251 La. 1079, 208 So.2d 536 (1968).

In Abercrombie v. Gilfoil, La.App., 205 So.2d 461 (1967) the First Circuit held that because La.R.S. 13:5104 prohibits a jury trial of a suit against a public body, a jury trial could not be granted as to any of the defendants in a suit in which the Highway Department was one of several defendants against whom plaintiffs prayed for a judgment in solido. No review of this judgment was applied for. The opposite result was reached in the case at bar by the Second Circuit in a suit involving the Village of Tallulah as a codefendant against whom judgment was prayed for in solido with other defendants. In this case the Second Circuit held that a jury trial could not be had as to the Village of Tallulah, a public body, but ordered the case to be tried by a jury insofar as the other defendants were concerned. See 207 So.2d 912 (1968). Thus in the same trial the judge would decide all questions relating to the public body while the jury would decide all questions relating to the other defendants. Since we granted writs in this case, the Third Circuit decided Watson v. Hartford Accident and Indemnity Company, 214 So.2d 395, on September 25, 1968 and adopted the view of the Second Circuit in the matter now under

review. No application was made for a review of the decision in Watson v. Hartford Accident and Indemnity Company.

The case at bar involves three separate tort suits by plaintiffs Robert S. Jobe, James H. Wilson and Junior G. Beard against Donald Hodge, Carl Griffon and Steve Ogden, police officers employed by the Village of Tallulah, the Village of Tallulah, W. P. Sevier, the Mayor, and Sam S. Scurria, the owner and operator of a bar where liquor was being consumed by plaintiffs and the police officers. The suits are based upon allegations that the police officers committed false arrests and assaults and batteries upon plaintiffs on the morning of March 27, 1966 in a series of related incidents inflicting personal injuries for which the police officers are responsible individually, the Village and the Mayor are responsible under principles of respondeat superior as the employers of the police officers, and the owner of the bar is alleged to be responsible for selling liquor to the police officers while on duty on a day when the sale of liquor was prohibited by an ordinance of the Village of Tallulah.

In their petitions plaintiffs prayed for trial by jury. All defendants then filed exceptions, among which was a motion to strike the demands for trial by jury from plaintiffs' petitions because the law prohibited trial by jury against a municipality. In the meantime, defendants answered and filed motions to consolidate the three suits, and the consolidation was ordered by the court. The trial court also sustained the exception or motion to strike and ordered that the case be tried by the judge alone.

Plaintiffs appealed the denial of a jury trial to the Second Circuit, where the judgment was affirmed as to the Village of Tallulah and reversed as to the right of plaintiffs to trial by jury against the other defendants. The effect of the decree being, as already noted, to require that in the same trial the judge must decide all matters affecting the public body and the jury must decide all matters affecting the other defendants.

■ Louisiana recognizes the right to trial by jury in civil cases, except as limited by Article 1733 of the Code of Civil Procedure. See La.Const. art. 7 § 41 (1921); La.Code Civ.P. art. 1731. Insofar as it is pertinent here, Article 1733 declares that a trial by jury shall not be available in "cases where a jury trial is specifically denied by law." And Title 13, Section 5104 of the Revised Statutes provides that "No suit against the state or other public body shall be tried by jury." These enactments, therefore, are authority for the proposition that a jury trial may not be had against the Village of Tallulah, which is a public body within the contemplation of Section 5104 of Title 13 of the Revised Statutes. There is no real controversy over this

·proposition. Our primary concern here is the right of the plaintiffs to have a jury hear their case against the codefendants of the Village of Tallulah in the same trial.

Defendants contend that by joining the public body in their suit, against whom a trial by jury is prohibited, plaintiffs have forfeited their right to trial by jury as to the individual codefendants who are sued with the public body. Plaintiffs, on the other hand, contend that the right to trial by jury is fundamental in character and, in the jurisprudence of this state, the courts have indulged every reasonable presumption against waiver, loss or forfeiture thereof. Plaintiffs contend, moreover, that Article 1735 of the Code of Civil Procedure permits a trial by jury as to some defendants and a trial by the judge alone as to other defendants. Article 1735 provides:

> "The trial of all issues for which jury trial has been requested shall be by jury unless the parties stipulate that the jury trial shall be as to certain issues only, or unless the right to trial by jury as to certain issues does not exist, but in all cases there shall be but one trial."

To support their argument, plaintiffs point to Rule 39(a) [1] of the Federal Rules of Civil Procedure and the jurisprudence of the Federal courts construing Rule 39(a). The following cases are cited: United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951); Sappington v. Barrett, 86 U.S.App.D.C. 334, 182 F.2d 102 (1950); Howey v. Yellow Cab Co., 181 F.2d 967 (3rd Cir. 1950); United States v. Uarte, 175 F.2d 110 (9 Cir. 1949); Sappington v. Prencipe, 87 F.Supp. 357 (D.C.1948); Uarte v. United States, 7 F.R.D. 705 (D.C.1948); Englehardt v. United States et al., 69 F.Supp. 451 (D.C. 1947).

The decisions cited do not stand for the contention of plaintiff, nor do they involve the same factual situation which faces us and, of course, those decisions are not based on our Article 1735, even though, in some respects, the Federal rule may have served as a source for drafting our article. And, moreover, the United States Supreme Court has indicated that where there is an overlapping of issues there should be but one finder of fact. Fitzgerald v. United States Lines Company, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963).

An important distinction exists between our Code and the Federal Rules which is

---

1. Rule 39(a) provides:
    "When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (1) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (2) the court upon motion or of its own initiative finds that a right of trial by jury of some or

particularly pertinent here. Our Article 1735 provides that only certain issues may be tried by a jury, but it also provides that "in all cases there shall be but one trial." The Federal rules, however, provide that where trial of some defendants is by jury and others by the judge alone, separate trial may be ordered by the court under Rule 42(b), which reads as follows:

"The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States."

See also 2B Barron and Holtzoff, Federal Practice and Procedure, secs. 894, 941–944 (1961).

This important difference is provided in the Federal Rules to protect the right to trial by jury by permitting separate trial before the judge and jury and thereby dispelling the manifest prejudice which would exist if the same case were tried by a judge and jury concurrently.

To permit the fragmented trial by the jury as to some defendants and by the judge as to the public body, we think, would be contrary to the express language of La.R.S. 13:5104 prohibiting a trial by jury where a public body is a defendant. A sovereign's immunity from suit can only be waived by the sovereign itself in language which explicitly indicates such a waiver and if the waiver is subject to a condition or limitation the condition or limitation must be rigidly enforced by the courts. To put it another way, when the State of Louisiana consents to suit against itself or one of its political subdivisions, it consents to be sued only in the manner and under the conditions which it lays down. Those conditions are contained in Article III, Section 35 of the Louisiana Constitution of 1921, permitting suits against political bodies where authorized,[2] in the Law-

---

all of those issues does not exist under the Constitution or statutes of the United States."

2. La.Const. Art. 3, Sec. 35 provides in pertinent part:
    "The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, and of parishes, municipalities, political subdivisions, public boards, institutions, depart-

ments, commissions, districts, corporations, agencies and authorities and other public or governmental bodies; and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall be construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability."

rason Act (La.R.S. 33:361) [3] under which we understand the Village of Tallulah was organized and which permits such political bodies to sue and be sued, and in Title 13, Section 5104 of the Revised Statutes which declares that "no suit against the state or other public body shall be tried by jury."

■ Thus, if only one trial can be had in this case under Article 1735 that trial must be without a jury, since it is a distinct condition to any suit against a public body that it cannot be tried by a jury.

We believe the legislature intended this result because to allow a trial by jury as to the employees, the policemen, and deny it as to their employer, the Village, must inevitably result in a detriment to the orderly processes of the law. The police officer-employees are charged with the violation of a duty to plaintiffs, which they deny and charge instead that plaintiffs provoked the incident. These are issues of fact, which, under plaintiffs' contention should be decided by a jury while, at the same time, the judge makes an independent finding on the same facts to determine whether the Village is vicariously liable. It is not improbable that, upon the same evidence, the judge and the jury may reach different results.

■ And, since an employer is entitled to indemnity from his employee who causes him damage (Williams v. Marrioneaux, 240 La. 713, 124 So.2d 919 (1960)), and an obligor in solido is entitled to contribution from his co-obligor (Civil Code art. 2103), if the jury should find the policemen-employees to be not liable to plaintiffs, and the judge should find the Village-employer to be liable to plaintiffs, could the Village get indemnity or contribution from its employees? The employees would find themselves in the odd predicament of having been exonerated of responsibility by the jury and held liable by the judge, all in the same trial based upon the same evidence. No just solution is possible here. To allow the employer indemnity would result in an injustice to the exonerated employee, while to deny indemnity would work an injustice to the employer.

Furthermore, even if the judge and jury reach a like conclusion as to liability, there is no assurance that they will agree as to quantum. Suppose the judge finds damage in the amount of $10,000 and the jury finds that $5,000 is due to plaintiffs. Which sum shall plaintiff recover? And, which sum shall be owing under a demand for contribution?

Such a system of trial can only operate to destroy the independent determination of

3. La. R.S. 33:361 provides: "The municipal corporation shall have the power First—To sue and be sued. * * *."

either the judge or jury in their conscious or unconscious efforts to avoid the ludicrous consequences of opposite results reached in the same trial on the same evidence. Any system which fails to recognize this fact fails to comprehend the realities of human behavior and disregards a vital requirement of the law: Even-handed justice must be done, and it must appear that even-handed justice is being administered by the Courts.

For the reasons assigned, the right to trial by jury in this matter is denied, the judgment of the Court of Appeal is reversed to conform to this finding, and the judgment of the District Court is affirmed.

FOURNET, C. J., dissents being of the opinion the judgment of the Court of Appeal is correct.

HAMLIN, J., dissents, being of the opinion that the judgment of the Court of Appeal is correct.

McCALEB, J., dissents, being in accord with the views expressed by the Court of Appeal, Second Circuit, 207 So.2d 912; the Court of Appeal, Third Circuit, in Watson v. Hartford Accident & Indemnity Company, 214 So.2d 395; and the dissenting opinion of Ellis, J., in Abercrombie v. Gilfoil, 205 So.2d 461 at page 466.