SUMMERS, Justice
(dissenting).
The wording of Section 5104 of Title 13 of the Revised Statutes is clear and unequivocal. It states that “No suit against the State or other public body shall be tried by a jury.” This entire proceeding is but one law suit involving as it does various demands including the original demand by plaintiff, a third party demand by the original defendants against the Department of Highways, a reconventional demand in subrogation by an original defendant and a petition of intervention filed by the employer of the plaintiff for compensation benefits. To grant a separate trial as to the public body is to circumvent the legislative mandate on the subject.
I believe the language of Section 5104 makes it obvious that the Legislature intended that the entire suit must be tried without a jury when a public body was involved. This intention is clear when it is realized, as in this case, how the principal and incidental demands are related. For instance, the question of determining damages is especially acute here because of the problem of contribution. If a jury awards Gerald Talley X dollars against the original defendants and if the trial judge be-lives there is negligence on the part of the Department of Highways but decides that Gerald Talley’s injuries are worth Y dollars, then how is the problem of contribution to be solved? There is no way to solve this problem. We recognized before in Jobe v. Hodge, 253 La. 483, 218 So.2d 566 (1969) that the fragmented trial the court proposes in the majority opinion would present problems which could not be *746 solved and would bring about ludicrous' results, saying:
“Such a system of trial can only operate to destroy the independent determination of either the judge or jury in their conscious or unconscious efforts to avoid the ludicrous consequences of opposite results reached in the same trial on the same evidence. Any system which fails to realize this fact fails to comprehend the realities of human behavior and disregards a vital requirement of the law: Even-handed justice must be done, and it must appear that even-handed justice is being administered by the Courts.”
The distinction the Court seeks to draw between this case and Jobe v. Hodge fails to take into consideration the basic intent of the Legislature in enacting Section 5104 of Title 13 of the Revised Statutes, which I understand to be that any suit involving a public body as a party, either in a principal or incidental capacity, cannot be tried by a jury.
Moreover, Article 1735 of the Code of Civil Procedure provides that when a jury trial is granted in a lawsuit, there can be but one trial. The majority decision is in direct conflict with this mandate, for it grants a jury trial as to the principal defendants and grants another and separate trial as to the Department of Highways, the defendants in the third party demand. Granted a separate trial may be allowed in some circumstances, that result cannot obtain when a jury trial is allowed in the suit in any particular. Error was committed by the Court therefore in permitting a jury trial in'this case, and it was error to grant a separate trial once a jury trial was ordered.
I respectfully dissent.