325 So.2d 764 (1976)
Luther W. ZUBER and Gail Anderson Zuber
v.
LAFOURCHE PARISH SCHOOL BOARD and United States Fidelity Guaranty Co.
No. 10544.
Court of Appeal of Louisiana, First Circuit.
January 12, 1976.
*765 Larry P. Boudreaux, Thibodaux, for appellants.
Robert D. Morvant, Thibodaux, and Wood Brown, III, New Orleans, for appellees.
Before ELLIS, BLANCHE and LOTTINGER, JJ.
LOTTINGER, Judge.
Plaintiffs-appellants, Luther W. Zuber and Gail Anderson Zuber, filed suit against the Lafourche Parish School Board and United States Fidelity Guaranty Company for damages for the wrongful death of their minor son who was killed when he was struck by a school bus operated by an employee and/or agent of the defendant School Board. In their petition, plaintiffs-appellants requested a jury trial. The Trial Judge sustained a Motion to Strike Demand for Trial by Jury, and plaintiffs-appellants have taken this appeal.
Plaintiffs-appellants contend that the Trial Judge erred in granting the motion to strike the jury demand because there is no valid basis for the denial of a jury trial against a political subdivision of the state in a suit for damages of this type. Plaintiffs-appellants argue that the general law of the state as expressed in LSA-C.C.P. Art. 1731 favors jury trials, and that this right should be preserved unless there is a compelling statement of legislative will to the contrary. Though plaintiffs-appellants recognize LSA-R.S. 13:5104[1] as a statement of legislative will, they argue that since it was at one time a generally accepted theory that the state and its political subdivisions could not be sued except with their consent, the principle of immunity from suit has been erroded because it is now recognized that there is no sound rational basis for preferential treatment of the state or any of its political subdivisions. Plaintiffs-appellants further point *766 out that La.Const. Art. 12, § 10 (1974) provides generally that no political subdivision of the state shall be immune from suit or liability in contract or for injury to person or property. It is finally argued that there is no justification for a denial of a jury trial as against the liability insurer. In oral argument, counsel for plaintiffs-appellants contended that the denial of a jury trial was unconstitutional.
Even though the judgment of the Trial Court sustaining the motion to strike plaintiffs' demand for trial by jury is an interlocutory decree, it may cause irreparable injury and is therefore appealable. Hernandez v. Sartain, 297 So.2d 740 (La. App. 1st Cir. 1974), Plaisance v. Collins, 234 So.2d 436 (La.App. 1st Cir. 1970) and Southern Baptist Hospital v. Williams, 89 So.2d 769 (La.App.Orl. Cir. 1956), writs denied (1956).
As to the plaintiffs-appellants' contention in oral argument that the denial of a jury trial under the facts in this case is unconstitutional, we are compelled to point out that nowhere in the record of this proceeding do we find any pleading in the Trial Court contending that the denial of a jury trial is unconstitutional. The Supreme Court of this state in Summerell v. Phillips, 258 La. 587, 247 So.2d 542, 546 (1971) stated:
"Although several exceptions have been recognized, [footnote omitted] the general rule prevails that a litigant cannot raise the unconstitutionality of a statute or ordinance unless its unconstitutionality is specially pleaded and the grounds particularized. [citation of cases omitted].
"As a corollary of the above rule, it is also well accepted that a litigant who fails to plead the unconstitutionality of a statute cannot legally raise the constitutional issue in the appellate court."
Therefore, for the views expressed by the Supreme Court in Summerell v. Phillips, supra, we cannot consider the question of the unconstitutionality of this denial of a jury trial.
Plaintiffs next argue that there is no sound rational basis for preferential treatment of the state or any of its political subdivisions in being exempt from jury trials. In support of this argument plaintiffs cite La.Const. Art. 12, § 10 (1974). The people of this state denied jury trials against the state or any of its political subdivisions when the legislature enacted LSA-R.S. 13:5104, which has been held by this court as a valid exercise of legislative authority. Pelloat v. Greater New Orleans Expressway Com'n, 175 So.2d 656 (La. App. 1st Cir. 1965). Plaintiffs do not contend that LSA-R.S. 13:5104 is unconstitutional in light of La.Const. Art. 12, § 10 (1974), and therefore, that question is not now before us. We see no need to change our opinion as expressed in Pelloat.
Lastly, as to the argument that there is no justification for the denial of a jury trial as against the liability insurer, the courts of this state on several occasions have wrestled with the problem of jury trials where the state or an agency or political subdivision thereof has been a party defendant. In Abercrombie v. Gilfoil, 205 So.2d 461 (La.App. 1st Cir. 1967), this court took the position that where the State of Louisiana, through the Department of Highways, was one of several main defendants, that all issues must be tried by the judge alone. The other defendants were individuals as well as their insurers. Ellis, J., dissented taking the position that the language of LSA-R.S. 13:5104 was never intended by the legislature to deny the right of trial by jury to those involved in a suit in which the state is also a party, as to those issues not involving the state directly. He reasoned that as to those issues directly affecting the state, the judge would try, and as to the others, they would be tried by the jury.
The Second Circuit Court of Appeal next had the opportunity to rule on a similar *767 set of circumstances in Jobe v. Hodge, 207 So.2d 912 (La.App. 2nd Cir. 1968), writ granted, 251 La. 1079, 208 So.2d 536 (1968). In Jobe, several cases were consolidated for purposes of trial and involved allegations of injuries received by reason of battery and arrest at the hands of police officers of the Village of Tallulah, Louisiana. The defendants were the police officers, several named individuals, as well as the Village of Tallulah. The Second Circuit held that the plaintiffs were entitled to a jury trial as against the individual defendants, but not as against the Village, but that the trial would take place at the same time with the judge deciding the issues as they related to the Village, and the jury deciding all other issues. The Second Circuit adopted basically the dissent in Abercrombie, supra.
Next in point of time came Watson v. Hartford Accident & Indemnity Company, 214 So.2d 395 (La.App. 3rd Cir. 1968). Here too, the facts were similar in that there were several non-governmental defendants along with a police jury, a health unit, and the State Board of Health. The Trial Judge rendered his decision as to trial by jury after the Abercrombie decision, supra, but prior to the Jobe decision (La.App. 2nd Cir.), supra, and followed the Abercrombie decision ruling that all issues as to all parties in all three consolidated cases were to be tried by the judge without a jury. In the meantime, the Jobe decision (La.App. 2nd Cir.), supra, was published, and was available to the Third Circuit. Our brethren on the Third Circuit followed the Jobe decision and reversed the Trial Judge ruling that as to those issues affecting the governmental bodies, the judge could decide the issues, and as to all other defendants, a trial jury could decide.
As we have above noted the Supreme Court granted writs in Jobe, supra, reversed the decision of the Second Circuit and denied a trial by jury. Jobe v. Hodge, 253 La. 483, 218 So.2d 566 (1969), rehearing denied (1969). In reversing the Second Circuit the Supreme Court through Mr. Justice Summers said:
"To permit the fragmented trial by the jury as to some defendants and by the judge as to the public body, we think, would be contrary to the express language of La.R.S. 13:5104 prohibiting a trial by jury where a public body is a defendant. A sovereign's immunity from suit can only be waived by the sovereign itself in language which explicitly indicates such a waiver and if the waiver is subject to a condition or limitation the condition or limitation must be rigidly enforced by the courts. To put it another way, when the State of Louisiana consents to suit against itself or one of its political subdivisions, it consents to be sued only in the manner and under the conditions which it lays down. Those conditions are contained in Article III, Section 35 of the Louisiana Constitution of 1921, permitting suits against political bodies where authorized, in the Lawrason Act (La.R.S. 33:361) under which we understand the Village of Tallulah was organized and which permits such political bodies to sue and be sued, and in Title 13, Section 5104 of the Revised Statutes which declares that `no suit against the state or other public body shall be tried by jury.'
"Thus, if only one trial can be had in this case under Article 1735 that trial must be without a jury, since it is a distinct condition to any suit against a public body that it cannot be tried by a jury.
"We believe the legislature intended this result because to allow a trial by jury as to the employees, the policemen, and deny it as to their employer, the Village, must inevitably result in a detriment to the orderly processes of the law."
The Supreme Court was split four to three, with Justices Hamiter, Sanders, Summers, and Barham in the majority, and *768 Chief Justice Fournet, and Justices McCaleb and Hamlin in the minority.
The Supreme Court modified its decision in Jobe, supra, when in Talley v. Friedman, 255 La. 735, 232 So.2d 495 (1970), rehearing denied, (1970), it held that a jury could hear and decide those matters that did not relate to the governmental body, and the judge could decide those issues that related to the governmental body. This was an automobile accident case wherein the plaintiff sued the defendant, and the defendant filed a third party demand against the Louisiana Department of Highways. The plaintiff originally asked for a jury trial and same was granted. The Highway Department excepted to a jury trial under LSA-R.S. 13:5104. The original defendant then moved to strike the motion for trial by jury, and the Highway Department then moved to strike the third party demand. At that point, the plaintiff then offered a motion for separate trials as to the main and incidental demands. The Trial Court overruled the Highway Department's motion to strike as well as the plaintiff's plea for separate trials, and ordered a trial without a jury. This case was distinguished from Jobe in that the Highway Department was not the main defendant, but rather a third party defendant. The Supreme Court cited LSA-C.C. P. Arts. 1038, 1731 and 1733,[2] and after recognizing a conflict created by the second paragraph of Art. 1731 concluded:
"In view of these provisions we see no reason why, in the instant case, the principal demand cannot be tried first before a jury which will determine whether the defendants are liable and, if so, the amount of damages to which plaintiff is entitled. If they are found to be not liable, that is the end of the entire matter. If otherwise, the judge, `still retaining jurisdiction of the' incidental demand may consider the evidence originally adduced, together with whatever additional evidence might be material to the liability of the Department (the defendant in the incidental demand) and determine its liability vel non. If the Department is also found to have been guilty of acts proximately causing the accident the court will then order contribution in accordance with law."
Mr. Justice Summers dissented adhering to the ruling in Jobe, supra.
The last word from the Supreme Court is Champagne v. American Southern Insurance Co., La., 295 So.2d 437 (1974). There the question was whether a jury trial demanded by a principal defendant *769 could be defeated by the plaintiff subsequently amending his petition to add the state as a defendant. The Trial Judge ruled that all motions for a jury trial by any party would be denied based on the Supreme Court's decision in Jobe, supra. The Supreme Court overruled its decision in Jobe and held that permitting but one trial with the judge determining the issues relative to the state, and the jury ascertaining all the others was the better practice.
We have reviewed the above decisions in some detail in order to better understand the reasoning that has been used by the courts in reaching their decisions. From the Supreme Court's original position in Jobe, supra, to its modification in Talley, supra, and finally its decision in Champagne, supra, we note the Supreme Court gradually accepting the idea that a trial by judge and by jury can take place at the same time, thus preserving to the individual litigant those rights guaranteed to him to a trial by jury, and to the state, those rights as expressed by the legislature to a trial by the judge alone.
In all of the above cases where the courts have ruled that a jury could determine the issues as they affected the individual litigants, and the judge would determine all other issues, the issues as they did exist were clearly distinguishable as between the individual litigants and the governmental bodies. We do not believe that in the instant proceeding, however, we have such a situation. The Trial Judge in his written reasons for judgment very properly pointed out, "the situation does not exist here where there is any other issue than the liability of the public body named herein as the defendant, and there is no issue to sever for the jury to decide one facet and the judge to decide the other." We agree with this appraisal by the Trial Judge, and we do not believe that the facts in this case come within the reasoning of Watson v. Hartford Accident & Indemnity Co., supra, Talley v. Friedman, supra, or Champagne v. American Southern Insurance Co., supra.
Therefore, for the reasons hereinabove expressed, the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiffs-appellants.
Affirmed.
NOTES
[1] LSA-R.S. 13:5104 provides: "No suit against the state or other public body shall be tried by jury."
[2] LSA-C.C.P. Art. 1038.

"The court may order the separate trial of the principal and incidental actions, either on exceptions or on the merits; and after adjudicating the action first tried, shall retain jurisdiction for the adjudication of the other.
"When the principal and incidental actions are tried separately, the court may render and sign separate judgments thereon. When in the interests of justice, the court may withhold the signing of the judgment on the action first tried until the signing of the judgment on the other."
LSA-C.C.P. Art. 1731.
"Except as limited by Article 1733, the right of trial by jury is recognized.
"The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury."
LSA-C.C.P. Art. 1733.
"A trial by jury shall not be available in:
(1) A suit demanding less than one thousand dollars exclusive of interest and costs;
(2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want or failure of consideration;
(3) A summary, executory, probate, partition, mandamus, habeas corpus, quo warranto, injunction, concursus, workmen's compensation, emancipation, tutorship, interdiction, curatorship, legitimacy, filiation, separation from bed and board, annulment of marriage, or divorce proceeding;
(4) A proceeding to review an action by an administrative or municipal body; and
(5) All cases where a jury trial is specifically denied by law."