342 So.2d 1142 (1977)
David L. DUPLANTIS, Individually and as Administrator of the Estate of his minor daughter, Angela R. Duplantis, Plaintiff-Appellant,
v.
UNITED STATES FIDELITY & GUARANTY INSURANCE CORPORATION, Defendant-Appellee.
No. 11122.
Court of Appeal of Louisiana, First Circuit.
February 14, 1977.
Andrew Reed, Aycock, Horne, Caldwell, Coleman & Duncan, Morgan City, for plaintiff-appellant.
*1143 Michael J. McNulty, Jr., Bauer, Darnall, McNulty & Boudreaux, Franklin, for defendant-appellee.
Before SARTAIN, COVINGTON and LOTTINGER, JJ.
COVINGTON, Judge.
This is an appeal from a judgment of the trial court sustaining the defendant's motion to strike the plaintiff's demand for a jury trial. We reverse.
This appeal arises out of a suit by plaintiff, David L. Duplantis, appearing individually and as administrator of the estate of his minor daughter, Angela R. Duplantis, against the defendant, United States Fidelity & Guaranty Insurance Corporation, the liability insurer of two public bodies, the City of Morgan City and the St. Mary Parish School Board. The basis of the suit is the alleged negligence of the City and the School Board in failing to maintain the school grounds in a safe condition for children to play. The case involves a tort claim for damages occasioned when the minor child was allegedly injured while attempting to climb onto the top of a garbage receptacle near the Shannon Elementary School in Morgan City, Louisiana. Under the Louisiana Direct Action Statute, LSA-R.S. 22:655, the only party made defendant herein is the liability insurer of the City and School Board.
Upon being served with the petition, the defendant filed a motion to strike the demand for a trial by jury on the ground that the suit was in essence against the insured public bodies and therefore, under the provisions of LSA-R.S. 13:5104 (now 13:5105), the mover was exempt from jury trial. After hearing the motion, the trial court granted the defendant's motion to strike. The plaintiff has appealed this interlocutory judgment.
We note initially that even though the judgment of the trial court sustaining the motion to strike the plaintiff's demand for trial by jury is an interlocutory judgment, it may cause irreparable injury and is therefore appealable. Zuber v. Lafourche Parish School Board, 325 So.2d 764 (La.App. 1 Cir. 1976); Plaisance v. Collins, 234 So.2d 436 (La.App. 1 Cir. 1970).
The statutory law pertaining to trial by jury is as follows:
LSA-C.C.P. art. 1731 provides:
"Except as limited by Article 1733, the right of trial by jury is recognized.
"The nature and amount of the principal demand shall determine whether any issue in the principal or incidental demand is triable by jury."
LSA-C.C.P. art. 1733 provides:
"A trial by jury shall not be available in:
"(5) All cases where a jury trial is specifically denied by law."
LSA-R.S. 13:5104 formerly read:
"No suit against the state or other public body shall be tried by jury."
LSA-R.S. 13-5105 reads (as amended by Act No. 434 of 1975):
"No suit against the state or a state agency or political subdivision shall be tried by jury."
The question presented is whether the non-jury trial exemption of public bodies is available to its insurer. We find that it is not. This is the express holding of the recent Supreme Court decision in Jones v. City of Kenner, La., 338 So.2d 606.
It is to be noted that LSA-C.C.P. art. 1731 expressly recognized the right to jury trial, except as limited by the provisions of LSA-C.C.P. art. 1733. The official comment to LSA-C.C.P. art. 1731 announces its purpose to preserve inviolate a litigant's right to trial by jury. The jurisprudence also establishes that this is fundamental in character and that the courts will indulge every presumption against waiver, loss or forfeiture thereof. See e.g., Hicks v. Board of Supervisors of Louisiana State University, 166 So.2d 279 (La.App. 1 Cir. 1964). The right to trial by jury, being a fundamental right, should not be denied in the absence of specific authority for its denial. See Champagne v. American *1144 Southern Insurance Co., 295 So.2d 437 (La.1974). The right to trial by jury is favored in the law, and any doubtful statutory provisions should be liberally construed in favor of the jury trial. While LSA-R.S. 13:5104 (13:5105) prohibits trial by jury in suits against the state or other governmental units in virtually all suits,[1] there is no express statutory provision controlling the situation where such a suit is consolidated with others which are not against the state or governmental units. See Watson v. Hartford Accident & Indemnity Company, 214 So.2d 395, 397 (La.App. 3 Cir. 1968). There is no explicit statutory provision controlling the situation where the state or governmental unit is but one of several parties to an action. See Champagne v. American Southern Insurance Co., supra. Neither is there an express statutory provision controlling the situation where a suit is brought directly against the insurer without naming the public body.
The effect of Jones is that the right of plaintiff to a jury trial against defendant insurer is not prohibited by statute; on the contrary, it is permitted by statute. See LSA-C.C.P. art. 1731 et seq.
We can not accept appellee's contention that the case of Zuber v. Lafourche Parish School Board, supra, is dispositive of the instant case. In the Zuber case, the suit was against a public body as a co-defendant. The non-jury trial exemption specifically applies in that situation. The instant case is distinguishable in that the suit is not against the public body. The only defendant named in the instant case is the liability insurer. We are not confronted here with the possible fragmentation of a cause of action or severance of an issue. We have one suit, one cause of action and one defendant. The present case does not come within the reasoning of Zuber. The statutory non-jury trial exemption does not expressly include insurers. We can not be persuaded to extend this restrictive personal exemption of governmental units through any imagined fear that juries might possibly raid the public fisc by awarding unconscionably large judgments in favor of plaintiffs. We believe that the average jury is fully prepared to readily accept the responsibility which government chooses to thrust upon it. We are also confident that our system of appellate review of both the law and the facts can competently cope with any occasional abuse of such responsibility.
The direct action statute merely gives to the insurer such defenses in the direct action brought by the injured party as it would have in an action brought by its insured. See McDowell v. National Surety Corp., 68 So.2d 189 (La.App. 1 Cir. 1953).
LSA-R.S. 22:655 provides in part:
"It is the intent of this Section that any action brought hereunder shall be subject to all of the lawful conditions of the policy or contract and the defenses which could be urged by the insurer to a direct action brought by the insured, provided the terms and conditions of such policy or contract are not in violation of the laws of this State."
It is well established that the defense of immunity, which was previously available to governmental entities and to charitable institutions for torts of their agents and servants, was a defense which was personal to the governmental unit or the institution itself and could not be availed of or successfully pleaded by the defendant insurer. Snell v. Stein, 261 La. 358, 259 So.2d 876 (1972); Musmeci v. American Automobile Insurance Company, 146 So.2d 496 (La.App. 4 Cir. 1962); Rome v. London & Lancashire Indemnity Co. of America, 169 So. 132 (La. App.Orl. 1936).
We therefore hold that personal exemptions of the insured governmental units are not available to the insurer.
For the foregoing reasons we reverse and set aside the judgment of the trial court, overrule the motion to strike, and remand *1145 the case to the trial court for further proceedings in accordance with law and consistent with the views herein expressed. The costs of this appeal are assessed against the defendant-appellee; all other costs shall await the final outcome of the suit.
REVERSED AND REMANDED.
LOTTINGER, Judge, concurring.
The Louisiana Supreme Court has for a time settled the question as to whether plaintiffs can have a jury trial as against the insurer of a governmental entity, and thus I agree with the majority opinion. See Zuber v. Lafourche Parish School Board, 325 So.2d 764 (La.App. 1st Cir. 1976), for a resume of decisions on this subject.
However, Jones v. City of Kenner, 338 So.2d 606 (La.1976), rehearing denied (1976), is of no great help in determining the conduct of the trial. In Jones, suit was filed against the liability insurer as well as the governmental entity. The Supreme Court ruled that there would be one trial with the jury deciding the issues as to the nongovernmental defendant, and the judge as to the governmental defendant. It also held that the trial judge had sufficient procedural controls to prevent "disparity of result in this combined single trial, * * *."
The issue as to the governmental entity is liability. Without liability being found on the part of the governmental entity, plaintiffs' suit must be dismissed. This issue necessarily then under Jones and LSA-R.S. 13:5105 must be decided by the judge alone.
Any language in Jones suggesting that both judge and jury could decide liability, and then the trial judge could correct any disparity is based on language found in Champagne v. American Southern Insurance Company, 295 So.2d 437 (La.1974) and Watson v. Hartford Accident & Indemnity Company, 214 So.2d 395 (La.App. 3rd Cir. 1968). In both of these cases, negligence was alleged on the part of party defendants who were not governmental entities, as well as negligence on the part of party defendants who were governmental entities. One defendant could be held liable without the other, but that is not the situation here. The insurer cannot be cast in judgment unless and until the governmental entity is found at fault, and this cannot be done by a jury.
It is of no concern that the governmental entity was not made a party to this suit. The trial judge should still determine the issue of liability, rather than the jury, which then should only determine coverage and quantum. To do otherwise judicially defeats the intent of LSA-R.S. 13:5105.
Therefore, though I must agree with the majority that a jury trial is in order as against the insurer, I do not believe that the majority goes far enough in that it does not order the trial judge to decide the issue of liability independently from the jury, and only allow the jury to decide the coverage as afforded by the insurance policy and quantum.
Absent these instructions, the issue as to how the trial is to be conducted should be determined well in advance thereof, so as to afford either side the opportunity to seek such necessary relief as they may deem appropriate.
NOTES
[1] La.Const.1974, art. 1, § 4, is an exception to this general rule; it provides that a party in an expropriation proceeding has the right to a trial by jury to determine compensation.