ELLIS, Judge:
This wrongful death action was instituted in East Baton Rouge Parish against the State of Louisiana on December 30, 1975, pursuant to Senate Concurrent Resolution No. 134 of 1975. The resolution contained the following venue provision:
“BE IT FURTHER RESOLVED that the suit herein authorized may be instituted before the Nineteenth Judicial District Court in and for the parish of East Baton Rouge or before the U.S. District Court, Eastern District, Louisiana and that, except as otherwise provided herein, the procedure in such suit shall be the same as in suits between private litigants.”
On September 2, 1977, the court granted plaintiffs’ motion for a change of venue to Jefferson Parish, applying the doctrine of forum non conveniens under Article 123 of the Code of Civil Procedure. The State applied to this court for remedial writs, alleging that the district court could not change the venue stipulated in the resolution authorizing the suit. We issued an alternative writ, ordering the district judge to recall his order transferring the case or to show cause why this writ should not be made peremptory. The trial judge having elected the alternative, the matter is now before us for decision.
The following statutory provisions are found in Title 13, Chapter 32, Part XV, entitled “Suits against State, State Agencies, or Political Subdivisions”:
“§ 5101. Application
“This Part applies to any suit in contract or for injury to person or property against the state, a state agency, or a political subdivision of the state, as defined herein, and also applies to any other suit expressly authorized by special or general law or resolution adopted by the legislature.”
*524 “§ 5103. Determination of procedural questions
“All procedural questions arising in suits on claims against the state, state agencies, or political subdivisions shall be determined, except as the contrary is specified in this Part, in accordance with the rules of law applicable to suits between private parties.”
“§ 5104. Venue
“A. All suits filed against the state of Louisiana or any state agency may be instituted before the district court of the judicial district in which the state capítol is located or in the district court having jurisdiction in the parish in which the cause of action arises.
“B. All suits filed against a political subdivision of the state may be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause arises.”
It is clear that, unless limited by the language of the concurrent Resolution, the trial court has the discretion to apply Article 123 of the Code of Civil Procedure, and grant a change of venue under the doctrine of forum non conveniens.
When we issued the alternative writ herein, we were of the opinion that the dictum in the case of Jobe v. Hodge, 253 La. 483, 218 So.2d 566 (1969) was applicable herein. That case states in dictum that any limitations or restrictions contained in a waiver of immunity by the State must be rigidly enforced.
However, since that time, the Constitution of 1974 has been adopted, and R.S. 13:5101 et seq. have been amended, to read as hereinabove quoted. We now believe it clear that the Legislature intended those statutes to apply to all suits against the State, where authorized by the Constitution or by concurrent resolution. Since the language of the resolution authorizing this suit is permissive as to venue, rather than mandatory, we have no difficulty in concluding that it in no way supersedes the provisions of R.S. 13:5101 et seq. as to State court venue.
We now find the writ herein to have been improvidently issued, and it is recalled. The State shall pay all costs for which it may be liable under the law.
WRIT RECALLED.