(79 South. 867)

No. 21332.

BIEGEL v. CITY OF NEW ORLEANS et al.

(June 29, 1918. Rehearing Denied Nov. 4, 1918.)

*(Syllabus by Editorial Staff.)*

1. MUNICIPAL CORPORATIONS ⚔️831(1)—CONDITION OF STREETS AND CULVERTS—PERSONAL INJURY—LIABILITY.

A city maintaining open ditches and a wooden culvert, conducting drainage water from convergence of ditches at a street corner to a point diagonally across the intersection of the streets, which drainage was inadequate, was not liable for death of an unattended child about four years old, who fell into ditch and was drawn into culvert and drowned, by reason of its failure to have a grating at end of culvert.

2. NEGLIGENCE ⚔️85(3) — CONTRIBUTORY NEGLIGENCE—CHILDREN.

An infant under four years cannot be blamed for negligence.

3. MUNICIPAL CORPORATIONS ⚔️723—NEGLIGENCE—PERSONAL INJURY—CHILDREN—LIABILITY.

Municipal corporations cannot foresee or guard against all dangers incident to the rashness of children and are not insurers of the lives or safety of children.

4. MUNICIPAL CORPORATIONS ⚔️723—NEGLIGENCE—INJURY TO CHILDREN.

Municipal authorities may presume that for every child under the age of discretion there is some one of mature judgment on whom rests the special duty and responsibility for the safety of the child.

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by Michael M. Biegel against the City of New Orleans and the Sewerage and Water Board. Judgment for plaintiff against the City and in favor of the Board, and the City appeals. Judgment annulled, and plaintiff's suit dismissed.

John J. Reilley, Asst. City Atty., and I. D. Moore, City Atty., both of New Orleans, for appellant. Clifford E. Hays and Robert J. Perkins, both of New Orleans, for appellee.

O'NIELL, J. This is an action for damages for the death of the plaintiff's child, who was drowned in an aqueduct or culvert. The suit was brought against the sewerage and water board, as well as the city. Judgment was rendered against the city for $4,000, the sewerage and water board being exonerated from responsibility for the accident. The city alone has appealed.

[1] The child lived with his grandparents, at the corner of two unpaved streets, where there were open ditches about 2½ feet deep and 5 feet wide. The culvert, being a wooden structure 2½ feet deep, 3½ (or possibly 5) feet wide, and nearly 50 feet long, conducted

the drainage water, from the point of convergence of the two ditches at the street corner, diagonally across the intersection of the streets. The system of drainage being inadequate, at the time of the accident, a rain had filled the ditches; and the water was rushing through the culvert. The plaintiff's child, nearly four years old, not attended by an older person, was playing with two smaller children on the sidewalk, and fell into the ditch near the end of the culvert. He was drawn into the culvert and drowned before the neighbors, who came immediately to rescue him, could pry up the heavy planks.

The contention of the plaintiff is that the municipal authorities were guilty of negligence in failing to have a grating or protection of some kind at the end of the culvert to prevent the drowning of a child who might fall into the ditch. It is argued that the authorities had warning of the dangerous situation, from complaints made by the grandfather of the child and by other residents of the neighborhood.

The complaints referred to were merely that the drainage was inadequate and the streets impassable at times. It does not appear that any one in the neighborhood ever feared or contemplated such an accident as happened to the plaintiff's child. And we cannot reconcile our minds to the opinion that the municipal authorities are to be blamed or found guilty of actionable negligence for their failure to foresee and guard against such an extraordinary occurrence as this was. We are not assured—in fact, we have much doubt—that a grating at the end of the culvert, such as is suggested in plaintiff's petition, would have saved the child's life. If such a safeguard had been there and the child had been killed by being hurled against it, we might now be wondering whether the child could have passed through the unobstructed culvert unhurt.

It is not contended that the municipal government was at fault in failing to have railings along the edge of the sidewalks to prevent children from falling into the gutters or ditches. On the contrary, it must be conceded that the municipality could no more avoid the possibility of a child's falling into an open ditch or gutter than it could make it impossible for a child to fall into the river. The plaintiff's contention, therefore, resolves itself into this: That the city should have had life-saving contrivances for children who might fall into an open ditch.

[2-4] The duty of municipal corporations to keep the streets in a condition of safety to the public has been extended very far in some jurisdictions—in fact, to the limit where we think more consideration must be given to that regard which each individual should have for his own safety. It is true, an infant under four years of age is not to be blamed for negligence; but, as a corollary, municipal governments cannot foresee and guard against all the dangers incident to the rashness of children. Municipalities are not insurers of the lives or safety of children. The municipal authorities have a right to presume that, for every child under the age of discretion, there is some one of mature judgment on whom rests the special duty and responsibility for the safety of the child.

Our conclusion is that the city is not responsible for this deplorable accident.

The judgment against the city of New Orleans is annulled, and plaintiff's demand is rejected, and his suit dismissed at his cost.