COLE, Judge.
Plaintiff appeals from an adverse judgment based upon the trial court’s determination that her son was contributorily negligent. On the morning of July 12, 1969, plaintiff’s minor child, Ivory Lee Mack, was attempting to cross the street in front of his home situated in the 800 block of North 39th Street in the City of Baton Rouge when he was struck by an automobile driven by defendant, Leonard P. Fleming. The street extends north and south, is concrete, and maintains two-way traffic. The speed limit is thirty miles per hour. There are no sidewalks in the area where the mishap occurred. Two days later, Ivory Lee Mack attained the age of twelve years.
Plaintiff-Appellant’s contentions of error center around certain specific findings of fact made by the trial judge. To bring this appeal into proper focus and perspective it is, therefore, necessary to repeat the oft stated tenet of law to the effect that the finder of fact is afforded wide discretion, especially in such areas as credibility of witnesses and fact finding. Fact finding, of course, includes a determination of times, distances and the residual effect of interrelated speed or motion. Firmly entrenched in our jurisprudence, so much so that citation of authorities becomes an exercise in superfluities, is the rule of law that such findings by the trial judge will not be disturbed on appeal unless manifestly erroneous.
With respect to the defendant, Fleming, the trial court concluded he was negligent under the attendant circumstances. The car he was driving belonged to his co-defendant, Leroy Whitaker, who was a passenger and had given Fleming permission to drive in order that the cause of a mechanical difficulty could be ascertained by Fleming who professed to be an automobile mechanic. The evidence shows that Fleming was driving north on North 39th Street, in his proper lane of travel, when the Mack youngster abruptly ran into the *97 street. The trial judge concluded Fleming was negligent for driving in excess of the speed limit and for not reducing his speed although confronted with circumstances under which a prudent man would have reduced his speed.
Skid marks left by the defendant vehicle measured seventy-one feet according to the investigating officers. On this basis, they estimated speed of between thirty and thirty-five miles per hour. It may be noted, as pointed out by counsel for the defendants, that the skid marks were measured to the front of the vehicle when they properly should be determined by measuring same to the rear tires. This difference of some eight to ten feet may well indicate a speed within the legal limit but does not negate the trial judge’s conclusion that he should have reduced his speed under the circumstances existing at the time. The trial judge’s conclusion that Fleming’s failure to reduce his speed amounted to negligence was based primarily on the fact that a bus was approaching from the opposite direction and was discharging and picking up passengers along its route. This fact the court concluded “* * * should have caused the driver of the Ford automobile to realize that there may have been pedestrians in the vicinity.” We might add that the stopping and starting of the bus also resulted in traffic being somewhat congested in the south bound lane. Additional considerations which should have caused Fleming to reduce his speed were that he lived in the area, was familiar with it and, therefore, knew there were children on the street most of the time. Our jurisprudence is clear that a motorist is under a high degree of care when he knows or should know small children are playing or habitually play in the area. St. Pierre v. Connecticut Fire Inssurance Company, La.App., 232 So.2d 808 (4th Cir. 1970); Guidry v. Golden Oil Company, La.App., 230 So.2d 108 (1st Cir. 1969).
Anothe.r factor considered by the trial judge was the evidence, though less than definitive, that the child’s body came to rest approximately fifty feet from the point of impact. Construed in its entirety, the physical evidence before the trial court reasonably substantiates the finding of excessive speed, notwithstanding Fleming’s positive testimony that he was driving twenty-eight miles per hour.
Under the circumstances recited, the trial judge was within his discretion in holding Fleming negligent. We are duty-bound not to substitute our judgment for that of the trial court unless there are compelling reasons. No such compelling reasons existing in this instance, we conclude that the trial court did not commit manifest error in finding Fleming negligent. In so holding, the case is resolved into a posture which necessitates review of the additional finding by the trial court that Ivory Lee Mack was contributorily negligent. It is in this regard, of course, that appellant strongly contends error was committed. It is correctly argued that the standard of care required of a child in determining contributory negligence is different from that required of an adult. The cited case of Cormier v. Sinegal, La.App., 180 So.2d 567 (3rd Cir. 1965), is indeed authority for that proposition. The applicable rule was stated therein by Judge (now Justice) Tate to be the following:
“Although a child of twelve is not held to the same standard of self-care as an adult, he is nevertheless capable of contributory negligence. Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269; Biggs v. Verbois, La.App. 1 Cir., 151 So.2d 172; Juhas v. American Casualty Co., La.App. 4 Cir., 140 So.2d 676; Lawrence v. Core, La.App. 3 Cir., 132 So.2d 82. In evaluating whether the child’s conduct constitutes contributory negligence, the child is required to exercise only the care expected of his age, intelligence, and experience under the particular circumstances presented to him; in this respect, the obviousness or not of the danger to one of the child’s years, experience, and intelligence is taken into consideration. Plauche v. Con *98 solidated Companies, supra; Danna v. London Guarantee & Accident Co., La. App. 2 Cir., 147 So.2d 739, 742; Juhas v. American Cas. Co., supra, and decisions therein cited.”
Evidence at trial indicates that there is a store directly across the street from Ivory Lee Mack’s home. The trial judge concluded the child was struck as he attempted to cross the street in order to go to the said store; that he ran into the street without looking which was negligence and which contributed to the occurrence of the accident and the resulting injuries. Ivory Lee Mack testified he had lived on that street three years, that he crossed the street often, and that he knew he was supposed to look to his right and to his left before crossing. He stated his mother had admonished him to so look and that he always did look.
Defendant, Fleming, described the child’s action as follows:
“The bus had stopped at Jonah Street heading south and there was several cars that had stopped behind the bus while it made its pick-up or put-off, whatever it was, and there was a pick-up truck, I disremember what kind it was, it was a pick-up truck, and this kid, he just dashed out, right out between the car and the truck right into the car.”
Fleming’s testimony is corroborated by Whitaker’s statement that, “We were just driving on down the street and wasn’t nothing coming and all at once the kid jumped out between the cars and runned into the car.”
Further corroboration is afforded by the testimony of Mrs. Valentine Hebert, an unbiased eye witness to the accident, who was traveling south on 39th Street. Her vehicle was closely following the pick-up truck, behind from which Ivory Lee Mack ran immediately prior to the accident. Excerpted from her testimony is the following:
“A. And so then after I was, you know, driving behind the truck and I saw this little boy. I could, you know, the distance I was I saw him, he came from, you know, running from a house and on my right, you know, the house was on the right, and he was running across the street, but he came around the truck. You see, a bus had started, you know, already, you know, going, and he came up around the truck and he was running and then after this white car was coming and—
Q. What direction was the white car coming ?
A. North.
O. North on 39th?
A. Uh-huh.
Q. All right.
A. And the car was going north and he —I don’t know if he — looked like he saw the car when it was too late because he kind of turned his body. I knew he would get hit, you see, because he didn’t see the car coming and that’s when the car hit him.”
It is evident to this Court that the child darted between two vehicles into the street in utter disregard for his own safety and despite the fact that he knew he should stop and look both ways before attempting to cross the street. Apparently, the child felt he could safely negotiate his way between the moving pick-up truck and Mrs. Hebert’s following vehicle but, in so doing, he was oblivious to and thus negligently failed to take into consideration the north bound traffic.
The Court concludes that the test for contributory negligence of a child as prescribed in the Cormier case, supra, has been met. We have considered the child’s age, intelligence and experience in relation to the particular circumstances presented to him. A reasonable summation of the actions of this twelve year old child is that they were a “gross disregard of one’s safety in the face of known, perceived and understood danger”, as described in Danna v. *99 London Guarantee & Accident Co., supra, as well as in the Cormier case. We affirm the finding of the trial court that Ivory Lee Mack was guilty of contributory negligence which precludes recovery upon his behalf.
For the assigned reasons the judgment of the trial court is affirmed, at appellant’s costs.
Affirmed.