GULOTTA, Judge..
This is an appeal from' the dismissal of an action for personal injuries sustained by plaintiff’s minor son, Glenn C. Payne, when he was struck by an automobile driven by Eric Fobbs. Jeanne Payne and the injured six year old minor are tenants in the St. Thomas Housing Project operated by Housing Authority of New Orleans (hereinafter referred to as HANO).
The undisputed facts are that on April 10, 1971, Glenn Payne and a young friend were playing in the project area near the corner of St. Andrew and Annunciation Streets. Glenn, while being chased in play, was running on Annunciation Street toward St. Andrew along the sidewalk. A shrub approximately three or four feet in height[1] running along a page fence parallel with and abutting the sidewalk on Annunciation is maintained by HANO. As Glenn, while running, attempted to turn into St. Andrew, he ran into the *534 right front fender of the vehicle driven by Fobbs on St. Andrew at a speed referred to as a walking speed.[2] The front of the Fobbs vehicle was at a point in line with the post of the fence near the corner. It is clear the shrub obstructed both the child’s and driver’s view. Neither saw the other before the accident.
In seeking reversal, plaintiff contends HANO was negligent in creating a dangerous hazard by placing and maintaining the shrub along the fence, thereby obstructing the view of drivers on St. Andrew and pedestrians and drivers on Annunciation Street. Plaintiff also argues HANO is negligent by failing' to provide a sidewalk along St. Andrew Street. A further hazard is created, according to plaintiff, since the fenced back yard of tenants and gate entrance opens into St. Andrew Street. Without a sidewalk, plaintiff claims, an additional hazard; particularly for children, is created.
Plaintiff’s claim against Fobbs and his insurer is directed against Fobbs’ failure to exercise the high degree of care required when approaching an intersection obscured by the hedge, particularly since he was aware of the presence of children in the area. Plaintiff suggests that had Fobbs approached the intersection with more caution and had he been driving closer to the center of the street, he would have had more visibility of the corner.[3]
In dismissing plaintiff’s suit, the trial judge in written reasons stated, among other things:
“After hearing the testimony of the witnesses and other evidence adduced at the trial of this matter, the court concludes that plaintiffs failed to prove any negligence on the part of any of the defendants.”
We agree. Accordingly, we affirm.
We cannot say that a three or four foot hedge along a sidewalk, as such, constitutes the creation of a dangerous hazard. There is no evidence to indicate that this hedge obstructed the view of adult pedestrians on St. Andrew or the view of automobile drivers on Annunciation or St. Andrew Streets. Furthermore, a housing authority or municipality cannot be charged with foreseeability of every eventuality that might result from the unpredictable behavior of children. It is well settled in our jurisprudence that municipalities are not the insurers of the safety of children but are to use reasonable care not to expose children to unreasonable risk of harm. Biegel v. City of New Orleans, 143 La. 1077, 79 So. 867 (1918); Smith v. City of Baton Rouge, 9 La.App. 19, 119 So. 98, at 101 (1st Cir. 1927); Martin v. City of New Orleans, 98 So.2d 559 (Orl.La.App. 1957).
We conclude under the circumstances of this case that HANO cannot be held to have created a hazard by placing and maintaining a three foot hedge. Nor can we conclude that HANO’s failure to place a sidewalk on St. Andrew Street is negligence from which liability would attach in the instant case. Had the child been injured by a passing motorist on St. Andrew Street while going from the fenced yard to the street, plaintiff’s argument might perhaps have greater relevance. We find no such relevance here. Accordingly, we find no error in the trial court’s conclusion that plaintiff failed to prove HANO negligent.
Nor do we find error in the exoneration of Fobbs from negligence. It is clear neither Fobbs nor the child saw each other before the accident. Fobbs testified he was driving at a walking speed when he heard a “thud” in the area of the right front fender whereupon he immediately ap *535 plied added pressure to the brakes of his slowly moving vehicle. It was then he realized the child had run into the automobile. We cannot find .fault with the speed of the Fobbs vehicle. It is perhaps probable, under the circumstances, that the accident would have occurred had the automobile been in a stopped position. Nor can we say that Fobbs’ failure to allow additional space between his vehicle and the right curb constitutes negligence. We can only conjecture that the child may not have struck the automobile in such instance.
We conclude, as did the trial judge, plaintiff failed in her burden to show a violation of a duty imposed on Fobbs. Accordingly, we affirm.
Affirmed.
REDMANN, J., dissents with written reasons.

. There was no testimony on the height of the hedge; however, pictures placed in evi-denee indicated that it reached the top of a three or four foot page fence.

. The investigating police officer estimated Fobbs’ speed at 5 mph. Fobbs stated he was driving at the speed that people walk.

. Fobbs testified his automobile was approximately two or three feet from the right curb of St. Andrew Street. According to his testimony, there was sufficient space for an automobile door to open without hitting the fence running along St. Andrew.