CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained by his five year old child. While running across a highway, the child was struck by an automobile driven by the defendant, Mrs. Betty Henry. The trial judge held the defendant motorist free of negligence and dismissed plaintiff’s suit. Plaintiff appealed.
The decisive issue is whether the defendant motorist was negligent.
The scene of this accident is on Louisiana Highway 27 near Creole, Louisiana. At this location, the highway is straight and runs north and south through the coastal marsh. It has two lanes, is of asphalt construction and the speed limit is 55 miles per hour. A canal, dug to excavate soil for the road bed, runs along the west side of the highway. A shoulder, about 14 feet in width, slopes from the pavement down to the canal.
On the morning of June 21, 1975, the Fontenot family and three relatives traveled in Mr. Fontenot’s automobile to the accident scene for a day of crab fishing. The party of four adults and four children dispersed along the bank of the canal near the parked automobile to fish. The Fonten-ot vehicle was parked on the west shoulder of the highway, facing south. A station-wagon, also facing south, was parked behind the Fontenot vehicle. Since the child ran between these two parked vehicles onto the highway, an important fact is how close they were together. The trial court concluded on the basis of conflicting testimony that the stationwagon “was parked near enough to the Fontenot vehicle so as to obscure a view of the rear of the Fontenot automobile by a south bound vehicle approaching the parked vehicle.
Defendant, Betty Henry, was driving south on Louisiana Highway 27 with her passenger, Ann Doan, at a rate of between 45 and 50 miles per hour. Both testified that they did not see the child until he ran from between the two parked cars and appeared in the south bound lane only 15 or 20 feet in front of the Henry vehicle. The trial court concluded that the sudden and unexpected appearance of William Fonten-ot did not allow the defendant motorist sufficient time to apply her brakes. The force of the impact with the automobile threw the five year old boy into the ditch *981 on the east side of the road. Betty Henry brought her- vehicle to rest in her south bound lane a short distance in front of Mr. Fontenot’s parked car.
The trial court concluded, “that the Henry vehicle was not traveling at an excessive rate of speed under the circumstances, and in all probability did not go even as fast as 45 miles per hour.” The court based its conclusion upon the testimony of the occupants of the vehicle, the short distance between the point of impact and the final stopping place of the Henry vehicle, and upon the fact that the child’s injuries consisted only of a fractured leg and bruises and contusions from which he recovered without residual disability.
Plaintiff argues Mrs. Henry often traveled this highway, that she knew adults and children frequently fished and crabbed from the shoulder, and that the parked cars should have alerted her to the probable presence of children. He contends the cars were far enough apart to offer defendant a view of William Fontenot as he passed between them. On this basis, plaintiff argues the defendant motorist was negligent in not reducing her speed and using extra care to observe for children.
The following from Layfield v. Bourgeois, 142 So.2d 799, 801 (La.App. 3rd Cir. 1962), quoted recently in Ardoin v. Swint, 315 So.2d 839 (La.App. 4th Cir. 1975), defines the motorist’s duty to small children:
“There is no dispute as to the law, it being well established in our jurisprudence that a motorist who sees or should see children near the roadside, must exercise a high degree of care in view of the propensity of children to run or dart into the street * * *. On the other hand, a motorist is not an insurer of the safety of children playing in the street. If a motorist is proceeding at a lawful and reasonable speed and obeying all the rules of the road as to proper lookout, etc., he will not be liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the child * * (citations omitted)
The trial court concluded that the defendant could not reasonably expect an unattended five year old child would dart from a concealed position onto this open stretch of highway through the marsh. Even if Mrs. Henry should have known that adults and children from the two parked cars might be fishing in the canal, she could assume, in the absence of some indication to the contrary, that any children would be in the care of adults. Actually, there is no evidence that Mrs. Henry saw or should have seen any adults or children near the highway. They were all down near the canal crabbing or cutting bait.
Plaintiff argues that Moore v. Mouledous, 305 So.2d 717 (La.App. 4th Cir. 1974) and Dawson v. Fleming, 260 So.2d 95 (La.App. 1st Cir. 1972) support his contention that defendant breached her duty to see William Fontenot. These cases are inapplicable to this litigation. In Moore, the court found liability where defendant struck a child while speeding through a school zone in a residential area on a school morning. Liability in Dawson was predicated upon the fact that defendant was speeding through a residential area where he knew children played in the street. In contrast, defendant in the instant case was driving her vehicle through marshland on a state highway where the only people outside their cars were fishing or crabbing completely off the highway.
Having determined that Betty Henry was not negligent, we need not reach the issue of the contributory negligence of William Fontenot’s parents.
For the reasons assigned, the judgment of the trial court is affirmed. All costs of this appeal are assessed against plaintiff appellant, Jimmy Fontenot.
AFFIRMED.