347 So.2d 1302 (1977)
Luther W. ZUBER and Gail Anderson Zuber
v.
LAFOURCHE PARISH SCHOOL BOARD and United States Fidelity and Guaranty Company.
No. 11383.
Court of Appeal of Louisiana, First Circuit.
June 13, 1977.
Rehearing Denied July 11, 1977.
*1303 Larry P. Boudreaux, Thibodaux, for plaintiffs and appellants.
Robert D. Morvant, Thibodaux, Wood Brown, III, Montgomery, Barnett, Brown & Read, New Orleans, for defendants and appellees.
Before SARTAIN, CONVINGTON and LOTTINGER, JJ.
LOTTINGER, Judge.
This is an action ex delicto by Luther W. Zuber and his wife, Gail Anderson Zuber, for damages for the death of their four years old son, Luther Antoine Zuber, when he was run over by a school bus. Named defendants are the Lafourche Parish School Board and its insurer, United States Fidelity and Guaranty Company. From a judgment in favor of the defendants, plaintiffs have appealed.
The record points out that this most unfortunate accident happened on December 7, 1973, at approximately 4:15 P.M. on East 16th Street in the vicinity of Cutoff-Larose, Lafourche Parish, Louisiana. East 16th Street is located on the La. 308 or east side of Bayou Lafourche, runs in a generally east-west direction and is a narrow blacktop street with no parking area off the driving surface. La. 308 runs in a generally north-south direction and intersects with East 16th Street.
On the date of the accident, a water meter had been broken loose in a residential yard on East 16th Street causing water to erupt. This was reported and a two and one-half ton service truck belonging to the Lafourche Parish Fresh Water District was parked partially in the road on the left hand side of East 16th Street facing away from La. 308. Between this truck and La. 308 there was a car parked on the opposite side of the street but a little closer to La. 308.
Immediately prior to the accident, a school bus operated by Morris P. Arceneaux proceeded from La. 308 east on East 16th Street to the end of the street to turn around and then headed back. Mr. Arceneaux had apparently finished his route for the day and was heading home. He lived on East 16th Street between the scene of the accident and La. 308.
The only eyewitness to the accident to testify was Mr. Landry Rivet who stated that he and others in the neighborhood, including young children, were observing the repair work to the water meter, and he was standing to the back of the truck close to the street. The disrupted water meter was in a yard on the left side of the street facing away from 308 so his back was to the street. He further testified that on his left was the Zuber child who suddenly started across the street when the front of the bus was approximately even with the rear of the service truck. According to Mr. Rivet the young child ran in front of the bus and slipped to the roadway. The boy fell in *1304 front of the bus and while the front portion passed over him he was not touched by the front wheels but was killed by one of the rear wheels. There seems to be no dispute but that the bus was traveling only approximately 5 miles per hour at the time of the accident. Mr. Rivet further testified that after the child fell other neighbors started yelling and shouting "STOP!" to the driver. Apparently at the time of the accident the school bus driver was attempting to maneuver at an angle to pass the school bus between the service truck and the car. The Trial Judge concluded the the school bus driver apparently had no warning that the child was preparing to run across the street or any reason to anticipate that he was there, even though there were other children in the immediate vicinity. The investigating state trooper testified that Mr. Arceneaux stated he did not see the child.
This case has once before been before this Court when the plaintiff appealed from an interlocutory decree of the Trial Judge denying plaintiff trial by jury. This Court affirmed that ruling at 325 So.2d 764 (La.App. 1st Cir. 1976).
Plaintiff contends that the Trial Court was in error (1) in failing to find that Morris P. Arceneaux, the driver of the school bus in question, was negligent in that his negligence was the sole proximate cause of the death of Luther Zuber; and (2) in failing to permit trial by jury of all the issues raised by this case.
It is well settled that the highest of care is placed on a person operating a vehicle where he sees a child or children near the roadside. The driver must anticipate that the very young have limited judgment and may take sudden, unpredictable, and often foolish actions, and this responsibility is not relieved by merely blowing a horn.
However, each case must be decided on its own facts, and thus where a child darts from behind a large truck into the path of an oncoming vehicle, even with the presence of children across the street and of the victim's mother with another child in her arms nearby, Wicker v. Southern Farm Bureau Cas. Ins. Co., 337 So.2d 1233 (La.App. 1st Cir. 1976), or where a child darted into the path of an automobile between two parked cars and was struck, Fontenot v. United States Fid. & Guar. Co., 336 So.2d 979 (La.App. 3rd Cir. 1976), or where a child ran from behind a hedge into the path of an automobile and was struck, Payne v. State Farm Mut. Auto Ins. Co., 299 So.2d 532 (La.App. 4th Cir. 1974) writ refused 302 So.2d 309 (La.1974), the driver has not been found at fault.
Under the facts as above found by the Trial Judge, we find as did the Trial Judge that there was no negligence on the part of the driver of the school bus.
Plaintiffs-appellants argue that since the recent case of Jones v. City of Kenner, 338 So.2d 606 (La.App.1976) allows a jury trial as against the insurer of a public body and that since the Trial Court decision in this case was not final until after the Supreme Court decision in Jones, that they should be allowed a new trial before a jury. The plaintiffs-appellants concede that there is a question as to their previous appeal to this Court on that issue alone.
At the time that this Court heard the first appeal in this case which is reported at 325 So.2d 764, the position of the First Circuit was that an interlocutory decree denying trial by jury caused irreparable injury and thus was appealable. See Hernandez v. Sartain, 297 So.2d 740 (La.App. 1st Cir. 1974). However, subsequent to our initial decision in Zuber, this Court in Guidroz v. State Farm Fire and Casualty Co., 334 So.2d 535 (La.App. 1st Cir. 1976) changed its position stating:
"Thus, we are of the opinion that the mere denial of a jury trial, without more, does not, upon its face result in irreparable injury such that it warrants a separate appeal, thereby disrupting orderly legal process and causing a commitment to the delays inherent in normal appellate procedure. We feel appellant's appropriate remedy in these instances is either the application for supervisory writs or appeal after a final judgment."
*1305 Plaintiffs-appellants in their motion in the Trial Court fixing this case for trial said:
"NOW INTO COURT, through undersigned counsel, comes the plaintiffs, Luther W. Zuber and Gail Anderson Zuber who suggest to the Court that the Court of Appeal, First Circuit, State of Louisiana has ruled on plaintiff's appeal and plaintiffs have no intention of applying for a re-hearing or pursuing an application for review by the Louisiana Supreme Court; that the above case should be fixed for trial on its merits."
We must assume that by the placement of this language in its motion fixing this case for trial the plaintiffs accepted the decision of this Court in affirming the denial of a jury trial.
Regardless of whether our decision in affirming the denial of a jury trial is correct or not in light of Jones v. City of Kenner, that decision is the "law of the case" in this proceeding, and same will not be disturbed.
Therefore, for the above and foregoing reasons the judgment of the Trial Court is affirmed. All costs of this appeal are to be paid by plaintiffs-appellants.
AFFIRMED.