COVINGTON, Judge.
This is an appeal from a judgment dismissing the claims of the plaintiff, Russell Wayne Efferson, individually and as administrator of the estate of his minor child, Angelique Nicole Efferson, five years old, for injuries to said child allegedly sustained when, while crossing the street, she was struck by a vehicle driven by the defendant, Steven H. Laurie. Laurie’s insurer, American Indemnity Insurance Company, was also named as a defendant in the suit.
The plaintiff alleged that Laurie was negligent in driving his automobile at an excessive rate of speed in a residential area where he should have known that small children were likely to be playing. As a result of the accident, the child allegedly sustained serious bodily injuries. After trial, the court dismissed the plaintiff’s suit at his costs. We affirm.
Appellant essentially contends that the trial court erred in not finding Laurie negligent. The trial judge, in his written reasons for judgment, stated:
“. . . [T]his court finds that defendant was proceeding between 25 and 30 miles per hour, within the posted speed limit; that he was obeying all the applicable rules of the road; that suddenly and without warning, Angelique darted from behind a parked station wagon which was the end car in a row of three and within two to three feet of the street, coming from defendant’s right to his left at a time when it was impossible to avoid striking the child.”
After a careful review of the record and a study of the applicable law, we are of the opinion that the trial judge in his written reasons for judgment has accurately stated the facts and the legal conclusions to be drawn therefrom. We find no manifest error. The facts found by the trial court are reasonably supported by the credible evidence in the record. See Dyson v. Gulf Modular Corp., 338 So.2d 1385 (La.1976); Canter v. Koehring Company, 283 So.2d 716 (La.1973).
The applicable law is to the effect that a motorist who sees or should see children near the roadway must exercise a high degree of care in view of the propensity of young children to do the unexpected, dart into the street or to take sudden and perilous action, heedless of their own safety and well being. On the other hand, a motorist is not an insurer of the safety of children playing near the street. If the motorist is proceeding at a lawful and reasonable speed and obeying all of the rules of the road, he will not be held liable where a child suddenly darts or runs into his path from a concealed position in such a manner that the motorist is unable to avoid striking the *667 child. Campo v. Vampran, 183 So.2d 57 (La.App. 1 Cir. 1966), writ refused, 249 La. 64, 184 So.2d 735 (1966); Maus v. Schouest, 342 So.2d 715 (La.App. 4 Cir. 1977), writ denied, 343 So.2d 1075 (La.1977). Of course, each case must be decided on its own peculiar facts. Since few cases are identical factually, no one case is absolutely controlling of another case. See, Zuber v. Lafourche Parish School Board, 347 So.2d 1302 (La.App. 1 Cir. 1977).
We find that the judgment of the trial court is correct and, accordingly, for the foregoing reasons, it is affirmed at the appellant’s costs.
AFFIRMED.