ARMSTRONG, Judge.
Defendant, Robert Carter, appeals the trial court judgment awarding plaintiff, Karen Stokes, $85,490.00 on behalf of her minor child, Rochelle Stokes, who was injured by Carter’s automobile.
The accident occurred on May 10,1985 at approximately 3:10 p.m. Carter drove his automobile to the 1600 block of Tonti Street to pick up three school children at McDonough 42 Elementary School. After placing them in his car, Carter proceeded to drive down Tonti Street, intending to turn right on Onzaga. Five-year-old Rochelle Stokes was struck by Carter’s car as she emerged from between parked cars on the right hand side of the automobile. She was dragged under the rear tire of the right side of Carter’s car. Her ankle was severely injured and she received permanent and unsightly scarring to her ankle and leg. Karen Stokes, Rochelle’s mother, brought suit against Carter and his insurer. In its reasons for judgment the trial court relied on the fact that the accident occurred in a school zone near the hour of dismissal to hold Carter liable:
The difficulty of the decision is if this accident happened at other than a school area, then the court would have no problem in ruling in behalf of the Defendant in so much as the child darted between parked cars. In a school area a driver has to anticipate. At the time of this accident at approximately 3:10 in the afternoon, which is approximately the time that school has just let out, a driver has to anticipate children being all around.
Later in its reasons for judgment the court explained,
“This is a very volatile area in which the law imposes stricter duties upon a driver than in other areas. The court is of the opinion that the driver in not keeping a proper lookout was the cause of this accident.”
The trial court is correct in that where a driver is aware or should have been aware of children in the vicinity, his duty rises to one of great care. Bruno v. Daniels, 328 So.2d 739 (La.App. 4th Cir. 1976); Fontenot v. United States Fid. & Guar. Company, 336 So.2d 979 (La. 3rd Cir.1976). However, liability for a child’s injuries is still premised on negligence. In order to hold Carter liable it must be shown that he breached his duty to exercise greater than ordinary care to avoid Rochelle’s injuries. Based on the testimony at trial we do not find that Carter breached his duty to exercise “great care.” Carter was travelling at 15 mph. He was familiar with the area and proceeded with caution while in the school zone. His attention was not distracted in any way and at no time did he see the child. Carter testified that there was nothing he could have done to avoid the accident.
Plaintiff relied on several cases to suggest that motorists bear an extraordinarily high duty of care towards children in a school zone. Sutton v. Rogers, 222 So.2d 504 (La.App. 2nd Cir.1969), Woods v. Cappo, 232 So.2d 578 (La.App. 1st Cir.1970), Raphile v. Alexander, 315 So.2d 836 (La.App. 4th Cir.1975). The accidents involved in these cases did not take place in a school zone, but they involve children. Like the cases previously cited, liability was premised on negligence. Plaintiff offered no testimony or evidence to establish that Carter was negligent. Quite the contrary, the only witness that could testify as to the accident was Rochelle Stokes, and she admitted that she was standing between parked cars before she started to cross the street.
*56 In Bruno we observed that in practically every case where a defendant motorist was exonerated from negligence in striking a child there was proof by the motorist that the child had emerged from a concealed position. To hold Carter liable for the sole reason that this accident occurred in a school zone is applying a strict liability standard. This is not the law. In Zuber v. LaFourche Parish School Board, 347 So.2d 1302 (La.App. 1st Cir.1977), the plaintiffs were denied damages when their son was hit and killed by a school bus. Affirming that there was no negligence, the court stated on appeal:
[E]ach case must be decided on its own facts, and thus where a child darts from behind a large truck into the path of an oncoming vehicle, even with the presence of children across the street and of the victim’s mother with another child in her arms nearby, Wicker v. Southern Farm Bureau Cas. Ins. Co., 337 So.2d 1233 (La.App. 1st Cir.1976), ... or where a child ran from behind a hedge into the path of an automobile and was struck, Payne v. State Farm Mut. Auto Ins. Co., 299 So.2d 532 (La.App. 4th Cir.1974) writ refused 302 So.2d 309 (La.1974), the driver has not been found at fault. Zuber, 347 So.2d at 1304.
For the forgoing reasons the judgment of the trial court is reversed.