517 So.2d 488 (1987)
Jane DOE
v.
The BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY.
No. CW 87 1073.
Court of Appeal of Louisiana, First Circuit.
December 22, 1987.
*489 Edward J. Walters, Jr., Baton Rouge, for plaintiff-respondent Jane Doe.
H. Alston Johnson, III, Baton Rouge, for defendants-appellants Bd. of Sup'rs of Louisiana State University and Employers Cas. Co.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This is a suit for damages in tort against the Board of Supervisors of Louisiana State University (LSU) and its insurer, Employers Casualty Company (Employers). The plaintiff-respondent[1] requested a trial by jury. LSU and Employers filed a motion to strike the demand for a jury trial. The plaintiff-respondent amended her petition to limit her request for trial by jury to Employers only. The trial court denied the motion to strike. On application of LSU and Employers, we granted a writ of certiorari to review the ruling. Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981).

FACTS
In her petition, the plaintiff-respondent alleges the following facts on the merits:

5.
Petitioner was a student at L.S.U. working on a research project and L.S.U. had a duty to provide petitioner with a safe, secure place in which to work on a research paper, specifically Audobon [sic] Hall on the L.S.U. campus.

6.
On or about August 14, 1985, petitioner was working on a research project in Room 103 of Audobon [sic] Hall. At approximately 6:55 o'clock p.m., she prepared to leave the premises and stopped in the bathroom.

7.
At approximately 7:00 o'clock p.m. on August 14, 1985, an unidentified male came into the bathroom in which your petitioner was using and, at knifepoint, physically attacked and raped petitioner, causing severe permanent, painful and *490 disabling mental, physical and emotional injuries.

8.
There existed a duty by which defendants were obligated to maintain its buildings and all facilities vital to the use of its premises in a safe and prudent manner by the use of reasonable measures for the security and safety of its students from the risk of criminal intrustion [sic].
Plaintiff-respondent prays for damages of $1,375,000.
In an affidavit attached to their motion to strike the jury trial, LSU and Employers assert the following facts concerning LSU's policy of insurance with Employers:

V.
The policy is a `retrospective premium' policy. A retrospective premium policy is a `cost-plus' policy in which the insured pays at the inception of coverage only the insurer's costs. The insurer's costs include administrative charges, state expenses (for example, taxes and license fees), agent commissions and insurance company profit. At the end of the policy term, the insured pays an amount, or retrospective premium, based upon the losses the insurer incurred which were covered by the policy. For example, if the insurer incurs no losses covered by the policy during the policy period, then the insured pays no additional retrospective premium when the policy expires. If the insurer incurs losses covered by the policy, then the insured pays an additional retrospective premium at the end of the policy period to compensate the insurer for a percentage of the losses, up to a ceiling on the total retrospective premium that the insured may pay. That ceiling is $100,000 per claim, plus additional insurer expenses, regardless of the total amount of any particular claim, subject to the `plan's' maximum premium.

VI.
In other words, a retrospective premium policy requires the insured to pay more money for its insurance depending upon the amount of covered losses the insurer sustains.

VII.
He is aware that there is presently pending against the Board of Supervisors a lawsuit entitled `Jane Doe v. The Board of Supervisors of Louisiana State University' Number 304,994, Division H, 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. If there is a judgment in plaintiff's favor in this lawsuit against the Board of Supervisors or Employers Casualty Company which is covered by the policy, the Board of Supervisors will be required to pay up to an additional $100,000 (plus company expenses) in retrospective premiums for the policy, subject to the `plan's' maximum premium.

RIGHT TO CIVIL JURY TRIAL
LSU and Employers contend the trial court committed error by refusing to strike the jury trial for Employers. They assert (1) the purpose of La.R.S. 13:5105 is to protect the public fisc from jury verdicts and minimize the delays and costs associated with jury trials, (2) the plaintiff-respondent is not entitled to a jury trial for Employers under La.R.S. 13:5105 because LSU would have to pay for a percentage of any judgment against Employers pursuant to the retrospective aspect of the LSU-Employers contract of insurance, and (3) the plaintiff-respondent is not entitled to a jury trial for Employers under La.R.S. 13:5105 because Employers is the only nongovernmental defendant and there is no independent fault alleged against it. The plaintiff-respondent replies that La.R.S. 13:5105 does not deny a civil jury trial for the insurer of a governmental entity and the clear intent of the statute is to grant a civil jury trial for such, citing Jones v. City of Kenner, 338 So.2d 606 (La.1976).
La.C.C.P. art. 1731(A) recognizes the right to a trial by civil jury, except as limited by La.C.C.P. art. 1732. La.C.C.P. art. 1732 provides that "[a] trial by jury shall not be available in ... (6) All cases *491 where a jury trial is specifically denied by law." La.R.S. 13:5105 provides that "[n]o suit against the state or a state agency or political subdivision shall be tried by jury."
Recently, in Dean v. Terrebonne Parish Police Jury, 510 So.2d 82, 86 (La.App. 1st Cir.1987), this court observed as follows:
Initially, we point out that LSA-R.S. 13:5105, which prohibits jury trials against the state, a state agency, or a political subdivision, does not apply to the libility [sic] carrier of a political subdivision, even when they are joined in the same action and there exists identity or substantial similarity of issues against both. Jones v. City of Kenner, 338 So. 2d 606 (La.1976); Champagne v. American Southern Insurance Co., 295 So.2d 437 (La.1974). In Jones and Champagne our supreme court made it clear that when a public defendant (the Parish) and a private defendant (United Insurance) are joined for trial, there is to be one trial with the jury deciding issues as to the nongovernmental defendant and the judge as to the governmental defendant. Accordingly, the trial court properly ordered a bifurcated trial in the instant case as authorized by LSA-C.C.P. art. 1736.
The issue as to the Parish, a governmental entity, is liability. No independent fault has been alleged on the part of United Insurance. The insurer cannot be cast in judgment unless and until the governmental entity is found at fault, and this cannot be done by a jury. The issue of liability must be determined by the judge alone.
....
As a matter of law, the jury had neither the right nor the duty to determine the issue of fault as to the Parish, much less to assign percentages of fault. LSA-R.S. 13:5105 prohibits a jury trial of a suit against the state, a state agency or a political subdivision. Therefore, the jury's verdict had no weight on the issue of the fault of the Parish. Since the jury had no power to adjudicate the issue of fault in this case, there can be no conflict between the verdict of the judge and that of the jury as to the issue of fault.2
[Underscoring added.] [Footnote 1 deleted.]
See also Zuber v. Lafourche Parish School Board, 325 So.2d 764 (La.App. 1st Cir.1976), writ denied, 351 So.2d 153 (La. 1977).
Because no independent fault has been alleged against Employers, its liability is contingent on the liability of LSU, and, pursuant to Dean and Zuber, the plaintiff-respondent is not entitled to a trial by civil jury on the liability issue for Employers. Because of the retrospective aspect of the Employers' policy, LSU can be responsible for up to $100,000 of any award in favor of the plaintiff-respondent against Employers. One of the principal purposes of La.R.S. 13:5105 is "in preserving its [the state's] financial resources (which the Legislature apparently feels are jeopardized because of a jury's perceived inclination to dig deeper into state pockets) ...". Rudolph 472 So. 2d at 905. The retrospective aspect of the Employers' policy provides a direct pipeline from any liability by Employers into the public fisc of LSU up to an amount of $100,000. In this factual posture, the public policy for La.R.S. 13:5105 dictates that the plaintiff-respondent is not entitled to a civil jury trial on the issue of quantum.[2]
*492 The relators' assignment of error has merit.

DECREE
For the foregoing reasons, the writ issued herein is made peremptory, the judgment complained of is reversed, the motion to strike the trial by jury is granted, and this action is remanded to the trial court for further proceedings in accordance with law. The plaintiff-respondent is cast for the cost of this writ.
REVERSED AND REMANDED.
NOTES
[1] The plaintiff's true identity was sealed in a confidential record by order of the trial court.

2 We find it an exercise in futility to impanel a jury in cases such as this where the only private (nongovernmental) defendant is the insurer of the public (governmental) defendant and there is no independent fault alleged against such insurer. The liability, if any, of the insurer depends solely on a finding of fault on the part of the public defendant, which must be determined by the judge alone. Further, we believe the issue of quantum must be tried solely by the judge. To allow a jury to award damages would defeat the intent of LSA-R.S. 13:5105, which is to prevent the jury's inclination to dig deeper into state pockets. See Rudolph v. Massachussetts [sic] Bay Insurance Co., 472 So.2d 901 (La.1985). Therefore, unless there exists an issue as to coverage or the policy limits as to such coverage, the jury would serve no purpose as liability and quantum must be left to the judge alone.
[2] Our opinion only passes on the plaintiff-respondent's entitlement to a civil jury trial on the issues of liability and quantum. No other issues were raised in this appeal. We expressly do not express an opinion as to the plaintiff-respondent's right to a trial by jury on other factual issues pertinent to Employers, such as existence of coverage or limits of liability. Dean, 510 So.2d at 86, n. 2.