SEXTON, Judge.
We granted writs on the application of the defendants, Ouachita Parish Police Jury (police jury), and its liability insurer, Republic Insurance Company (Republic), to consider the trial court’s ruling denying both applicants’ application for a jury trial. We make the writ peremptory, reverse the trial court, and order a jury trial with respect to all demands involving Republic and with respect to the police jury’s incidental demands.
This action arises out of a motorcycle accident which occurred on March 12, 1985, in Ouachita Parish, Louisiana. Mark McCoy, then a minor, was the operator of a motorcycle which collided head-on with a truck operated by Billy W. Tucker. The collision occurred in a curve allegedly because Mark’s vision was obscured by vegetation growing on the right-of-way. On August 7, 1986, Mark’s parents, Kyle J. McCoy and Brenda McCoy, individually and on Mark’s behalf, filed suit against applicants, the police jury and Republic, seeking to recover damages totaling 11,450,00o.[1] The McCoys requested trial by jury and, on August 8, 1986, an order was entered granting that request.
At the pretrial conference the McCoys waived their demand for trial by jury, and Republic, acting alone, immediately requested a jury trial, which was granted.
On October 18, 1989, the McCoys filed a motion to strike Republic’s request for a jury trial. Before the trial court ruled on the motion, the police jury and Republic answered the McCoys’ second amending petition on November 3, 1989, and at that time filed a cross-claim against Mr. and Mrs. McCoy, as well as a third party demand against their homeowner liability insurer, American Liberty Insurance Company (American Liberty). Shortly thereafter, on November 13, 1989, the police jury and Republic amended this pleading to incorporate a demand for trial by jury with respect to all claims of Republic and with respect *749 to the cross-claim and third party demand of the police jury.
On January 10, 1990, the trial court sustained the McCoys’ motion to strike the request of Republic and the police jury for a jury trial, basing its judgment on LSA-R.S. 13:5105, which states:
No suit against the state or a state agency or political subdivision shall be tried by jury.
The court noted that if the case were tried by a jury, the jury could necessarily be asked to apportion fault between the defendant police jury and the plaintiffs, and that there could be no liability found on the part of the insurance company unless there was fault found on the part of the police jury. The ultimate result, according to the trial court, would be to allow a jury trial against the Ouachita Parish Police Jury as forbidden by LSA-R.S. 13:5105.
The trial court and respondents rely on the First Circuit Court of Appeal’s decision in Dean v. Terrebonne Parish Police Jury, 510 So.2d 82 (La.App. 1st Cir.1987), which held that a jury trial should be available to an insurer of a public body if, and only if, there are issues unique to the insurance company, such as coverage or policy limits. They point out that there are no such unique issues in this case.
The application thus presents two issues. These are: (1) the right of Republic to a jury trial on the demands against it and on its incidental demands, and (2) the right of the police jury to a jury trial with respect to its incidental demands.[2]
Dealing initially with the issue of a jury trial with respect to the demands by and against Republic, we agree with applicants that the trial court erred when it found that LSA-R.S. 13:5105 precluded Republic from the right to a jury trial. A civil litigant is not to be deprived of the right to a jury trial except by express legislative provision. Jones v. City of Kenner, 338 So.2d 606 (La.1976); Champagne v. American Southern Insurance Company, 295 So.2d 437 (La.1974). Our legislative provisions grant the right of jury trial in all civil cases with only certain express exceptions. LSA-C.C.P. Art. 1731-33. LSA-R.S. 13:5105’s declaration that a jury trial is not available against a state, state agency, or political subdivision does not extend this exemption from jury trial to the public body’s liability insurer, despite any identity or substantial similarity of the issues against both. Jones, supra.
The language relied upon in Dean is contained in a footnote and is dicta. We choose instead to rely upon the conclusion of the Louisiana Supreme Court in Jones and hold that a jury trial is available to an insurer of a public body such as Republic, notwithstanding any similarity of the issues against the public body and the insurer.
Before concluding this issue, we should note that respondents contend that the instant policy of insurance, like the one considered by the First Circuit in Doe v. Board of Supervisors of the Louisiana State University, 517 So.2d 488 (La.App. 1st Cir. 1987), is one in which the insurance premiums to be paid by the police jury are to be calculated retroactively at some point after the term of the contract of insurance and to be based on claims made during the policy period. In Doe, because of the retrospective aspect of the policy, LSU could be held responsible for up to $100,000 of any award in favor of the plaintiff against the insurer.
The First Circuit noted that one of the principal purposes of LSA-R.S. 13:5105 was to preserve the state’s financial resources and that the retrospective aspect of the insurance policy provided a direct pipeline from any liability of the insurer into the public fisc of LSU up to the amount of $100,000. Thus, according to the First Circuit, public policy dictated that the plaintiff not be entitled to a civil jury trial on the issue of quantum. Further, the First Circuit, relying on footnote 2 in Dean, also found that because no independent fault had been alleged against the insurer, its liability being contingent on the liability of *750 LSU, plaintiff was not entitled to a civil jury trial on the issue of liability.
In light of the Louisiana Supreme Court’s holdings in Jones and Champagne, we conclude that the Doe distinction as it relates to the instant case is one without a difference, and likewise, we decline to follow Doe. We thus reject respondents’ contention in this regard.
We turn now to the issue of the police jury’s request for a jury trial with respect to its incidental demands. The police jury argues that by its literal wording, LSA-R.S. 13:5105 only precludes jury trials in suits against the state or a political subdivision. Thus, since the police jury here is asserting incidental demands against another, the police jury contends it should be entitled to a jury trial on these incidental demands.
LSA-Const. Art. 12, § 10 C declares that the legislature shall provide the procedure for suits against the state and its subdivisions. The response thereto was Act 434 of 1975 establishing LSA-R.S. 13:5101, et seq., which includes LSA-R.S. 13:5105’s prohibition against jury trials against the state. The general rules with respect to jury trials, LSA-C.C.P. Art. 1731, et seq., specifically recognize the right to a trial by jury and only limit that right by the seven circumstances listed in LSA-C.C.P. Art. 1732, among which is the prohibition contained in Subsection 7 against a jury trial where specifically denied by law.
It thus seems clear that in all suits against the state or a political subdivision thereof, no party (the state or a plaintiff) is entitled to a jury trial on the plaintiff’s demands. LSA-R.S. 13:5105; Descant v. Rapides Parish Police Jury, 409 So.2d 1226 (La.1982). The question we consider now, however, is the converse, which is whether the state or a political subdivision thereof is entitled to a jury trial on its affirmative demands.
Of specific interest is LSA-R.S. 13:5035, contained in Part XII of Title 13, which is entitled, “State, Actions by, or on Behalf of.” This section seems to contemplate the state’s right to trial by jury in suits by the state for damages, as follows:
§ 5035. Suits for trespass, damages or possession of real property; summary trial; special jury panel
All suits for trespass, for damages, or for possession of real property, filed by the state against any person, firm or corporation, and all matters incidental thereto shall be heard and determined by the court in a summary manner, in term time, or vacation. Should a trial by jury be demanded, a special panel shall be drawn for such purpose in accordance with the presently existing law. All judgments rendered in any of these causes shall also be tried summarily by the appellate court having jurisdiction.
(Emphasis ours)
Therefore, the interrelationship between LSA-R.S. 13:5035 and 13:5105 denies a plaintiff a jury trial in a suit for damages against the state but allows the state a jury trial in such a suit. Thus, the state has denied its citizenry a right to a jury trial in the damage suits that are brought by those citizens against the state by virtue of LSA-R.S. 13:5105, but has, on the other hand, allowed or retained for itself the right to a jury trial in its suits for damages through LSA-R.S. 13:5035. The fact that the state’s demands have been asserted incidentally rather than directly is inconsequential. Knight v. Louisiana State Board of Medical Examiners, 195 So.2d 375 (La.App. 4th Cir.1967), appeal after remand, 211 So.2d 433 (La.App. 4th Cir.1968), writ denied, 252 La. 889, 214 So.2d 716 (1968).
We do not consider the “equal protection” aspects of this scheme because the constitutionality thereof has not been challenged. Castille v. Evangeline Parish School Board, 304 So.2d 701 (La.App. 3rd Cir.1974), writ denied, 309 So.2d 342 (La.1975).[3]
*751 For the foregoing reasons, we make the writ of Republic Insurance Company and the Ouachita Parish Police Jury peremptory, reverse the order of the district court denying a jury trial, and direct the district court to conduct a trial by jury as to all claims in the lawsuit except those of the plaintiffs against the Ouachita Parish Police Jury. The case is remanded for further proceedings consistent herewith, with all costs of this application to be borne by respondents.
WRIT MADE PEREMPTORY, REVERSED, AND REMANDED.

. On May 1, 1989, Mark McCoy, then a major, substituted for his parents as the proper party plaintiff for "the damages he sustained."

. The police jury does not seek a jury trial on the plaintiffs’ demands against it.

. Note that in Rudolph v. Massachusetts Bay Insurance Co., 472 So.2d 901 (La.1985), our supreme court found a compelling state interest in the legislature’s denial of a plaintiff's right to a jury trial against the state by 13:5105 and did not find equal protection dimensions.